PATRICK CUFF, Appellant, v. JANE A. DORLAND, Respondent.

The General Term has no power, upon reversal of a judgment, to render a judgment in favor of the appellant, unless the facts upon which its judgment is founded are agreed to by the parties or were found by the court or jury on trial; the question of damages cannot be determined by it, but must be determined by the court or tribunal for the trial of issues of fact.

In an action for the specific performance of a contract for the sale of lands, the complaint was dismissed at Special Term. In the findings of fact, the court found the sums paid by plaintiff on account of the purchase-money. The General Term reversed the judgment and rendered judgment for plaintiff for damages to the amount paid as thus found; plaintiff appealed from so much of the judgment as gave damages. *Held,* that as there was no appeal from that portion of the judgment reversing the judgment at Special Term, it must be presumed the reversal was proper; but that if a judgment for damages was proper the amount thereof was not necessarily limited to the amount paid, and a new trial should have been granted.

(Argued May 7, 1874; decided September term, 1874.)

APPEAL from so much of a judgment of the General Term of the Supreme Court in the first judicial department as rendered a judgment in favor of plaintiff for damages.

This action was for the specific performance of a contract for the sale, by the defendant to the plaintiff, of certain premises in the city of New York.

The court found, as conclusions of law, that the contract was so objectionable in its terms and in the circumstances under which it was procured, that a court of equity would not enforce it, and directed the complaint to be dismissed. In the findings of fact, it appeared that plaintiff had paid in part performance of the agreement the sum of $427, no part of which had been paid back or tendered by defendant.

The General Term reversed the judgment, and ordered judgment in favor of the plaintiff for the amount paid by him on the contract, with interest, and in case either party objected to the computation of the amount as made by it

referring it to a referee to compute. No objection having been made, judgment was perfected by defendant for the amount.

*R. O. Gorman* for the appellant.

*John E. Burrill* for the respondent. The correctness of the finding of the court below is not the subject for review by this court. (*Finch* v. *Parker*, 49 N. Y., 1.)

LOTT, Ch. C.   Neither party has appealed from that portion of the judgment of the General Term of the Supreme Court which reverses the judgment entered at Special Term. It must consequently be assumed that the complaint was improperly dismissed. The only question, therefore, presented for our decision is, whether the General Term properly rendered judgment for damages in favor of the plaintiff.

It appears by the decision of the justice at Special Term, that it was based on the ground that he considered the contract "so objectionable in its terms and in the circumstances under which it was procured, that a court of equity will not lend its peculiar and extraordinary jurisdiction to enforce it." The opinion given by INGRAHAM, J., on the reversal of the judgment entered on that decision shows, that while he considered the refusal to grant specific performance right, he thought that the justice "should have retained the case for the purpose of awarding to the plaintiff the damages he was entitled to for the non-performance." Assuming that such course ought to have been pursued, a new trial should have been ordered by the General Term. The question of damages was one that should be determined by the court or tribunal for the trial of issues of *fact*, and not by the appellate court, which can only review the decisions of the tribunal from which the appeal is taken. The General Term, therefore, erred in rendering final judgment in favor of the plaintiff for the amount of damages resulting from the breach, by the defendant, of the contract, which had never been passed on by the court below.

It is true that the findings of fact by the justice show that the plaintiff had paid the defendant the sums for which judgment was rendered by the General Term, on account of the price that he was to pay for the land sold to him, and, according to the findings, " in part performance " of his agreement ; but those sums do not necessarily constitute the whole compensation to which the plaintiff would be entitled as damages. Indeed, the opinion referred to states certain facts, from which it is fairly inferable that there are other items for which an allowance could be claimed. It is unnecessary to mention them particularly, and without an examination of the evidence it would be impossible to say what would be proper to be allowed.

A new trial should be ordered, and upon the facts then disclosed it will be proper to determine what relief should be granted. It is not, under the circumstances in which the case is presented on the present appeal, proper to indicate whether the decision at Special Term, declaring that the plaintiff was not entitled to a specific performance, was proper or not, but that should be left an open question.

It follows, from the preceding considerations, that the portion of the judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

REYNOLDS, C. The learned judge, before whom this cause was tried at Special Term in the Supreme Court, felt it his duty to dismiss the plaintiff's complaint, without costs. The action being for the specific performance of a contract for a conveyance of land, it rested largely in judicial discretion whether the decree prayed for should be granted or refused, and I do not propose now to consider whether that discretion, in this case, was discreetly exercised or not. Judgment having been entered, the plaintiff appealed therefrom to a General Term of the same court. That tribunal discovered in the evidence, and in the decision below, that the plaintiff had paid the defendant, including interest, something over $500 on account of the purchase-money provided

by the contract to be paid, and it appeared just that he ought to recover that sum back if he could not have the contract specifically performed. Accordingly, the judgment of the Special Term was reversed, and, instead of granting a new trial, final judgment was ordered in favor of the plaintiff for the sum paid on account of the purchase-money, and interest; with a further provision, that if either of the parties objected to the amount as the court had. computed it, it was referred to a referee to compute the amount for which, under the decision, the plaintiff should have judgment. It does not appear that the plaintiff did anything further in the case until the defendant, by leave of the court, entered final judgment under the decision of the General Term. He then appealed to the Court of Appeals from every part of the judgment of the General Term, except that part reversing the judgment of the Special Term by which his complaint was dismissed, and in this condition the case comes to us for our determination. As the defendant has not appealed from any part of the judgment below, and the plaintiff has not appealed from that part reversing the judgment at Special Term, we must assume that both parties agree that the judgment of the Special Term was properly reversed; and the only question I shall consider is, whether a new trial should have been granted; or, whether the subsequent action and order of the General Term has been in accordance with law.

It cannot be denied that, under very many circumstances, where a court of equity would not decree the specific performance, the party aggrieved may have an action at law for his damages. It is, also, well settled, that in many cases where courts of equity have obtained jurisdiction in a suit for the specific performance of a contract, and find it necessary to refuse the decree, the bill, in the discretion of the court, may be retained, for the purpose of awarding the complainant his damages; and these damages have been ascertained, sometimes, by a reference to a master of the court, or, upon issues sent to a jury. I shall not undertake to debate the question, how far the organiza-

tion of the present Supreme Court in the powers of its different branches is analogous to the powers of the late Court of Chancery. It may perhaps be admitted, that if, in this case the trial judge, instead of dismissing the complaint absolutely, had retained it for the purpose of awarding the plaintiff his appropriate damages, a very different question of practice would have been presented. In that condition the case would have been within the control of the court of original jurisdiction, and every proper order in furtherance of justice could, and doubtless would, have been made.

It certainly will not be doubted, that where a party cannot have the specific performance of a contract, yet may still be entitled to his damages consequent upon the non-performance, such damages are not necessarily limited in amount to the sum actually paid by the plaintiff, with interest, on account of the purchase-money provided to be paid by the contract, no matter by what tribunal the amount is to be ascertained. In this case the General Term of the Supreme Court has peremptorily limited the plaintiff to the amount actually paid, with interest, without, in my judgment, giving him any form of trial known to our present system, and I think without any authority of law. The plaintiff demanded specific performance of the contract and the evidence given on the trial had reference solely to that demand, and proof of the amount paid on the contract was given in aid of that issue alone. No consideration of plaintiff's damages, in case he could not have performance, was had at the trial term, at all.

Upon the appeal from the judgment dismissing the plaintiff's complaint, the General Term of the Supreme Court had power to reverse, affirm or modify the judgment appealed from, or order a new trial. (Code, § 330.) That court did reverse the judgment appealed from and then rendered a final judgment in favor of the plaintiff, who had been defeated below, for such sum as from an examination of the evidence it was thought he should have recovered at the Special Term. This the General Term had no power to do.

They had power to order final judgment when the facts were agreed to by the parties or found by the court or a jury on the trial. (*Purchase* v. *Matteson*, 25 N. Y., 211.) The assumption of authority in this case would not be more apparent, if the General Term had in the first instance, ignoring the Special Term altogether, undertaken to try the issue, hear the evidence and render judgment as a court of original jurisdiction. In my opinion, the case presented by the record is plainly one of mistrial.

It is, however, earnestly insisted by the learned counsel for the defendant, that the judgment of the General Term was a substantial modification of the one appealed from, and to sustain this view we are referred to several adjudged cases. *Marquat* v. *Marquat* (12 N. Y., 336) is among the earliest of the cases in which the question has been considered in the Court of Appeals. There the action was against a husband and wife, to compel them to secure a loan of $300 by mortgage upon land to which the wife had title. Upon the trial, the complaint was dismissed as to the wife and judgment in favor of the plaintiff, for the amount of the loan, rendered against the husband. On appeal, the General Term reversed the judgment and dismissed the complaint, and the plaintiff then appealed to the Court of Appeals. All the facts had been found at the Special Term, and the only question was, whether as a matter of law, the complaint should have been dismissed on the trial, or whether the judgment against the husband was right. The Court of Appeals reversed the judgment of the General Term and affirmed that of the Special Term, and it is very apparent that it has very little application to a case like the one before us. The case of *Emery* v. *Pease* (20 N. Y., 62) decides nothing upon this question. There the plaintiff was nonsuited, the nonsuit affirmed at General Term, and both judgments reversed in the Court of Appeals and a new trial granted.

The case of *Beach* v. *Cooke* (28 N. Y., 508) comes much nearer the question, but is still afar off. The bill, in that case, was filed to have a mortgage discharged of record, upon the

allegation that it had been fully paid. This fact of payment was denied, and a long controversy followed, before a referee, resulting in a finding that there was due on the mortgage $1,259.84, and on this finding the referee ordered the complaint to be dismissed. The General Term of the Supreme Court, on appeal, modified the judgment by directing the mortgage to be given up and satisfied, upon payment of the amount found due, with interest and costs; and that if the plaintiff failed to redeem the premises by tendering the money within six months after notice of the entry of judgment, then that the judgment appealed from be affirmed (39 Barb., 360); and the latter judgment was affirmed in the Court of Appeals, upon the ground that all the facts necessary to final judgment were found on the trial, and the bill, in one aspect, might be regarded as one to redeem the mortgage. In the case at bar it is said the facts were found at Special Term, and, therefore, the case of *Beach* v. *Cooke* is controlling.

It is indeed found that the plaintiff had paid the defendant a given sum on the contract, for which the General Term rendered judgment in his favor, and it is urged that this is the limit and is conclusive as to the damages the plaintiff could recover by reason of the defendant's non-performance. That the amount of money paid on the contract may be recovered back is quite true, but that sum is not the *damages* resulting from non-performance, and, as before suggested, that question has never been tried anywhere, and if the plaintiff cannot have the contract performed, he is entitled to have his damages, if any he has sustained, assessed in a trial court, either by a judge or a jury, and the amount definitely ascertained. In this respect it is apparent the case at bar is different from that of *Beach* v. *Cooke* (*supra*), where the amount actually due on mortgage had been ascertained at the trial.

It is to be further observed that, as the case comes before us, the judgment of the Special Term stands *reversed*, and we cannot interfere with that part of the judgment of the General Term for the reason that neither party has appealed from it, and we cannot reverse or modify any judgment or

order other than " in the respect mentioned in the notice, of appeal." (Code, § 330.) It therefore seems that there is an untried issue now at Special Term, whether the plaintiff is or not entitled to specific performance, and a judgment of the General Term in favor of the plaintiff for the money he had paid in performance of the contract, and this does not appear to be quite consistent.

There must be a new trial.

All concur.

Judgment, as far as appealed from, reversed and new trial granted.