ROBERT J. LIVINGSTON, Individually and as Executor, etc., et al., Appellants, *v.* RUSSELL SAGE et al., Respondents.

95   289
161   349
95   289
164   378
95      289
j 77 AD 101

It is not the province of a court of equity to direct arbitrators how they shall consider a case pending before them.

In May, 1860, plaintiffs demised to H., defendant's assignor, a lot of land in the city of New York, for twenty-one years, with covenants for renewals; the rent upon each renewal to be five per cent on the estimated value of the lot, exclusive of buildings, to be determined by arbitrators. In October, 1860, plaintiffs, at the request of H. and for the purpose of increasing the depth of the lot, demised to him a piece of land in the rear of said lot, of the same width; this lease was for the same time as the first one, and ceased upon its termination; it contained the same covenants for renewals and for determining the rent to be paid thereon. The two leases being about to expire, arbitrators were nominated by the parties pursuant to said covenants, the same persons being nominated under each lease. The arbitrators, not agreeing as to the method of ascertaining the value of the demised premises, were about to appoint an umpire, as provided for in the lease, when this action was brought to restrain their action and to adjudge the rights of the parties

in respect to the matter of disagreement. *Held,* that the complaint was properly dismissed.

*It seems* that plaintiff's contention, *i. e.,* that the two leases shall be considered as one, and but a single valuation given of the entire lot as formed by the union of the two parcels is untenable; that as the leases are seperate and call for separate renewal leases, a rental value must necessarily be ascertained for each parcel, and a separate rent reserved in each of the new leases.

*It seems,* however, it will be the duty of the arbitrators, in determining the value of the rear parcel, to take into consideration the fact that it is in the same ownership and occupancy as the other.

(Argued March 3, 1884; decided March 11, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 26, 1883, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Elbridge T. Gerry* for appellants. This suit is properly brought, and the court has jurisdiction to examine and construe the leases in aid of the arbitration. (1 Pomeroy Eq. Jur., §§ 378–384, 424, 424; *Cooke* v. *Cooke,* L. R., 7 Eq. 77; *Piercy* v. *Young,* L. R., 14 Ch. Div. 200; *Caledonian R'y Co.* v. *Greenock & W. B. Co.,* 10 Scotch Sess. Cas. [3d. S.] 392; *Cooke* v. *Catchpole,* 10 Jur. [N. S.] Pt. 1, 1068.) The pendency of an arbitration cannot be pleaded in defense of an action on the demand submitted, either at law or in equity. (*Hurst* v. *Litchfield,* 39 N. Y. 377; *D. & H. C. Co.* v. *Penn. Coal Co.,* 50 id. 251; *Scott* v. *Avery,* 3 H. of L. Cas. 811; *Lee* v. *Paige,* 7 Jur. [N. S.] 989; *Smith* v. *B., etc., R. R.,* 36 N. H. 458; *March* v. *Eastern R. R.,* 40 id. 548; *Contee* v. *Dawson,* 2 Blend. 273; Russell Arb. [4th. ed.] 41; Redman on Awards, 20; *Melborough* v. *Bower,* 7 Beav. 127.) Equity has a general supervisory jurisdiction over arbitrations. It may grant a discovery and compel the production of books and papers in aid of the arbitration. (Hopkins Average, 441; Code of Civil

Procedure, §§ 2365–2386; Morse on Arbitration, 89, 1437; Stat. 17 and 18 Vict. C. 125; 2 Dan. Ch. Pr. 1857–1862; *British Empire Shipping Co.* v. *Somes*, 3 K. & J. 433–438; *Tobey* v. *Bristol, Co.*, 3 Story, 800; Redfield's Addition to 1 Story Eq. Jur., §§ 138a, 138c, 138f, 138g, 138i; 1 Story Eq. Jur., §§ 153, 155, 162, 168; *Gillespie* v. *Moon*, 2 Johns. Ch. 585; *Hunt* v. *Rousmaniere*, 1 Pet. 1; *Oliver* v. *Mut. Com. M. Ins. Co.*, 2 Curt. 277; *Stockbridge Iron Co.* v. *Hudson R. Iron Co.*, 107 Mass. 290; *Canedy* v. *Marcy*, 15 Gray, 376; 1 Pom. Eq. Jur. 308.) In a suit founded on an instrument which needs reformation, the court may reform it, and also adjudicate upon it as reformed. (Code of Civ. Pro., § 1207; 2 Pom. Eq., § 862, p. 331, note 3.) As matter of equity (apart from questions of jurisdiction and technical rules of construction) the two parcels of land should be treated as one, and the landlord should have the benefit of the valuation of them as one lot. (*Cornell* v. *Todd*, 2 Den. 130; *Hull* v. *Adams*, 1 Hill, 601; *Jackson* v. *Dunsbagh*, 1 Johns. Cas. 91; *Jackson* v. *McKenny*, 3 Wend. 233; *Wright* v. *Douglass*, 7 N. Y. 564; *Huttemeer* v. *Albro*, 18 id. 48; *Hamilton* v. *Taylor*, id. 358; *Church* v. *Brown*, 21 id. 315; *Thomas* v. *Austin*, 4 Barb. 265; *Hanford* v. *Rogers*, 11 id. 18; *Pepper* v. *Haight*, 20 id. 429; *Van Hagen* v. *Van Rensselaer*, 18 Johns. 420; *Brandreth* v. *Sanford*, 1 Duer, 390; *Stacey* v. *Randall*, 17 Ill. 467; *Sawyer* v. *Hammatt*, 15 Me. 40; *Adams* v. *Hills*, 16 id. 215; *Craig* v. *Wells*, 11 N. Y. 315; *Cornell* v. *Todd*, 2 Den. 130; *Mann* v. *Witbeck*, 7 Barb. 388; *Wade-Gery* v. *Morrison*, 37 L. T. [N. S.] 270.) That part of the complaint which seeks an injunction can be abundantly sustained by authority. (*Direct U. S. Cable Co.* v. *Dominion Tel. Co.*, 84 N. Y. 153; 22 Hun, 568; *Gillett* v. *Thornton*, L. R., 19 Eq. 599; *Cooke* v. *Cooke*, L. R., 4 Eq. 77; *Beddow* v. *Beddow*, L. R., 9 Ch. Div. 89; *Malmesbury R'y Co.* v. *Budd*, L. R., 2 Ch. Div. 113; *Moffat* v. *Corneilus*, 39 L. T. [N. S.] 102; *Randall* v. *Thompson*, 35 id. 193.)

*Samuel Riker* for respondent. The persons nominated by

the landlord and tenant, respectively, pursuant to the provisions of the leases, to determine the value of the demised land, are to be considered in the same light as arbitrators, and their appraisement, or, if they differ, the appraisement of the umpire whom they may select, will have the same force and effect as an award. ( *Van Cortland* v. *Underhill,* 17 J. R. 405 ; 2 Johns. Ch. 339.) It is no ground of objection to an award by arbitrators that it is against law. (*Jackson* v. *Ambler,* 14 J. R. 105 ; *Winship* v. *Jewett,* 1 Barb. Ch. 184; *Mitchell* v. *Bush,* 7 Cow. 185 ; *Perkins* v. *Giles,* 50 N. Y. 228; *Fudickar* v. *Guard. Mut. L. Ins. Co.,* 62 id. 392 ; *Boston Water Power Co.* v. *Gray,* 6 Metc. 131.)

RAPALLO, J. By a lease dated May 1, 1860, the plaintiffs demised to Hollister, the assignor of the defendant, a lot of land on the westerly side of Fifth avenue in the city of New York, seventy-four feet six inches northerly from Forty-second street, twenty-five feet and eleven inches in width, and one hundred feet in depth, for the term of twenty-one years, at the yearly rent of $570. This lease contained covenants for renewals with the usual provisions for determining by arbitration the rent to be reserved on each renewal, which was to be five per cent upon the estimated value of the lot, at the time of the renewal, without any addition on account of buildings.

On the 1st of October, 1860, the plaintiffs, by a lease of that date, demised to the same lessee a piece of land adjoining the lot above described, in the rear. This piece comprised the land lying between the northerly and southerly lines of the first described lot as extended back twenty-five feet from the rear line of such lot. The last mentioned lease shows by its recitals that it was made at the request of the lessee, for the expressed purpose of increasing the depth of the lot demised by the first lease, which is particularly referred to. It was made for the same term as the first lease and was to cease upon the termination of that lease, and contained the same covenants as the first lease, except certain covenants as to building, and reserved a rent of $75 per annum.

It is apparent that the piece of land described in the second lease is in the interior of the block, and if not connected with any of the surrounding land would be inaccessible from any street or avenue, but as connected with the first described lot it forms part of a valuable lot fronting on Fifth avenue, twenty-five feet and eleven inches in width by one hundred and twenty-five feet in depth. The defendant is the assignee of both leases, and the plaintiffs are still the owners of the reversion.

The two leases being about to expire on the 1st of May, 1881, arbitrators were nominated by the respective parties, pursuant to the covenants in said leases, to appraise the value of the demised premises for the purpose of determining the rents to be reserved on the first renewal for twenty-one years. The same persons were nominated as arbitrators under each lease. The arbitrators entered on the performance of their duties, and it being found that they entertained different views as to the method of ascertaining the value of the demised premises, they were about to appoint an umpire as provided for in the leases, when this action was commenced to restrain their action and adjudicate the rights of the parties in respect to the matter as to which the arbitrators disagreed.

This matter is stated, by the admission and stipulation of the parties upon the trial and in the findings, to be that the arbitrator appointed by the tenant was of the opinion that the lot demised by the lease of October, 1860, should be valued by itself, and the lot demised by the lease of May 1, 1860, should be valued by itself, and the arbitrator appointed by the landlord was of opinion that the said two lots should be valued together as one lot. The contention of the plaintiffs is, that the two parcels of land having been practically united by both owner and lessee so as to form one lot, great injustice would be done by valuing the parcel in the rear as an isolated piece of land without any frontage, and as if it were not connected with any land having a frontage, in which supposed case it would be of little or no value, and they ask the interposition of the court to prevent that apprehended injustice, by adjudicating that the two

leases should, under the circumstances, be construed as one lease, and that there should be but a single valuation of the entire lot, formed by the union of the two parcels, as a single lot, or in some manner directing the principle upon which the valuation should be made.

We find no warrant in the facts of the case for reforming or construing the leases. No fraud or mistake is shown, and their meaning and legal effect are plain. They are separate leases, each one demising a distinct piece of land, and calling for a separate renewal lease, and a rental value must necessarily be ascertained for each piece, and a separate rent reserved in each of the new leases to be executed. There is no authority for adjudging that the two new leases to be executed shall be combined into one, and an entire rent fixed for the lot composed of the two pieces.

All that the arbitrators have to do is to fairly appraise the value of each parcel as it stands. The court cannot be called upon to anticipate their action or to assume that they will come to an unjust conclusion, and whatever opinion we might entertain upon any question at issue between the two arbitrators now chosen, we could not assume that the umpire selected would fail to act fairly and impartially, on equitable principles, and arrive at a correct result. It is not the province of a court of equity to direct arbitrators how they shall consider a case pending before them. So far as disclosed by the admissions of the parties and the findings of the court, it does not now appear that the arbitrator appointed by the tenant is assuming to go beyond the matter submitted or to disregard any right of the parties. In placing a separate valuation on each parcel of land the arbitrators will do only what is required by the covenants in the leases. It does not follow that in making such separate valuations they will disregard the facts that the rear piece is in the same ownership and occupancy as the front and that it was demised at the request of the lessee for the purpose of increasing the depth of the front piece. The facts appear upon the face of the leases and it cannot be assumed that the arbitrators will ignore them and place upon the rear

parcel such value only as it would possess if the facts were different and it was in a separate ownership and occupancy, and isolated from all approach. All the facts, relating to the situation and connections of the property and the facilities for its enjoyment, must necessarily be considered in determining its value, and the plaintiffs are not entitled to relief in this action upon the mere apprehension, in advance of their determination, that the arbitrators, or an impartial umpire, may omit to consider the facts, or fail to reach a just conclusion.

We therefore think the complaint was properly dismissed, and that the judgment should be affirmed with costs.

All concur, FINCH, J., in result.

Judgment affirmed.