ELIZABETH S. VAN BEUREN et al., Respondents, v. FRANCES A. WOTHERSPOON et al., Appellants.

1. APPEAL — REVERSAL BY APPELLATE DIVISION WITHOUT AWARDING NEW TRIAL. A reversal of a judgment of the trial court by the Appellate Division without awarding a new trial, but ordering a referee to take certain proof and report it to the Special Term, with a direction for final judgment thereon, is unauthorized and irregular, and must be set aside.

2. PRESUMPTION AS TO REVERSAL UPON QUESTIONS OF LAW. A reversal of a judgment of the trial court by the Appellate Division must be presumed under the Code of Civil Procedure, section 1338, to have been made upon questions of law, when the order of reversal contains no statement that the judgment was reversed upon the facts.

3. REVERSAL OF JUDGMENT DISMISSING COMPLAINT. A judgment, dismissing the complaint for lack of diligence or effort upon the part of the plaintiffs to procure a valuation of property in the manner prescribed by a lease, cannot be reversed by the Appellate Division upon the law, although it might have been reversed upon the facts, unless the judgment was without any evidence to support it.

4. LANDLORD AND TENANT — COVENANT FOR RENEWAL ON EXPIRATION OF TERM — PAYMENT OF RENT WHILE HOLDING OVER. A lessee, at the expiration of the term under a lease for a term of years containing a covenant on the part of the lessor that at such expiration the lessee shall be paid the appraised value of the building or a new lease granted at an appraised rental, is entitled to retain the possession until the covenant shall be performed by the lessor, and is liable for no more than the rent originally reserved while thus continuing in possession.

*Van Beuren* v. *Wotherspoon*, 22 App. Div. 628, modified.

(Argued May 9, 1900; decided June 12, 1900; motion for reargument submitted October 1, 1900; denied October 23, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 22, 1897, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

On the second day of March, 1874, Mary S. Van Beuren and Caroline Hoppock devisee under the will of Samuel Cary, entered into a written lease under their hands and seals, whereby the former, in consideration of the annual rent of one thousand dollars to be paid by the latter, leased to her prem-

ises situated on Fourteenth street, in the city of New York, for the period of twenty-one years. The lease contained a covenant that at the expiration of that term the lessor should have a choice either to grant a renewal of such lease for the further term of twenty-one years at such rent as should be agreed upon or be established by appraisers in the manner stated therein, or to pay to the lessee the value of the front building on the premises to be ascertained by three disinterested persons. It was further agreed that whenever the lessor refused to grant a renewal, the building or its substitute should be valued in the manner stated, but that the lessee should not be compelled to surrender the premises until the payment for the building had been made or tendered, if the valuation was before the expiration of the term or was prevented by the fault of the lessor; that if the lessor should, at the expiration of any term granted, elect and choose to pay the value of the building and actually make or tender such payment, or if the valuation should not be made before the expiration of the term in consequence of any act of the lessee, then the lessee should deliver up the possession of the building and the lessor should pay the lessee the value of it when such valuation was made, or grant a new lease. The lessor was not required to make her election in any case until both valuations had been made, unless prevented by the fault of the lessor.

The lessee died in November, 1890, and her interest vested in the defendants. In August, 1894, the lessor died, and the plaintiffs succeeded to her title to the premises in question. By the terms of the lease it expired on the 1st of March, 1895. For some time prior thereto the defendants made continued efforts to ascertain from the plaintiffs whether they would renew the lease or whether they would acquire title to the building thereon under the provisions of the existing lease, and sought to have them agree upon the respective valuations. But the plaintiffs refused to make any election, and made none until after the final judgment in this case, nor did they even indicate what they wished or proposed to do. They would neither decide whether they would renew the lease, nor state

the amount of rent at which they would renew, nor agree upon any value for the building. From early in December, 1894, until the middle of February, 1895, the defendants persistently sought to obtain either a lease of the premises or a valuation of the building thereon by agreement, and the plaintiffs as persistently refused to make any statement upon the subject, but evaded all efforts upon the part of the defendants to reach an agreement or to obtain from the plaintiffs an offer in relation to the rent or an offer for the building.

After these efforts had been made and about six days before the expiration of the term for which the lease was given, the defendants, to procure a determination of the matter, notified the plaintiffs that they had chosen an arbitrator and requested them immediately to appoint one so that the values might be determined before the expiration of the term. On the twenty-fifth of that month the plaintiffs also named an arbitrator. Upon the hearing before the arbitrators the defendants endeavored to have the plaintiffs agree to the selection of a third arbitrator or umpire, so that the matter might be more speedily determined. That the plaintiffs were unwilling to do, but insisted upon a technical compliance with the lease. The defendants endeavored also to make some agreement with them as to the valuation of the lot and building independently of the arbitration, but the plaintiffs preferred to follow the formal proceedings provided by the lease.

Testimony was taken before the arbitrators at some length, and it was not concluded until the latter part of July, 1895, when each arbitrator made a separate and different award, and hence there was no agreement upon the questions submitted. Then followed an extended correspondence between the parties in regard to the selection of an umpire. There appears to have been a variety of causes which seemed to prevent the selection of an umpire, and thus matters remained until about the middle of January, 1896, when this action was commenced. Its purpose was to obtain a judgment fixing the valuation of the lot and building either by a decision of the court or by the appointment of proper persons to appraise their value.

The complaint alleged the making of the lease, the ownership of the premises and the rights of the defendants, and the action of the plaintiffs to procure a valuation under the lease. The answer denied the allegations of the complaint so far as it was alleged that the defendants were in default in not procuring or aiding to procure a determination of such valuation, set up the neglect and refusal of the plaintiffs to place any valuation upon the lot or building, insisted upon their right to have the valuation made as prescribed in the lease and not by the court, and demanded judgment for a dismissal of the complaint.

The action was tried at a Special Term, which, after taking the proofs of the parties, dismissed the complaint upon the merits upon the ground that the plaintiffs had not shown or established any such diligence upon their part to procure the valuation of the lot and building in the manner provided by the lease as entitled them to maintain the action. Upon the decision of the trial court and on June 27, 1896, judgment was entered in favor of the defendants dismissing the complaint upon the merits. Upon the seventh of the following July the plaintiffs excepted to the decision of the trial court, and on the same day appealed from that judgment to the Appellate Division in the first department. The latter court reversed the judgment of the Special Term without awarding a new trial and directed a judgment as follows: "That the judgment so appealed from be and the same hereby is reversed, with costs and disbursements of this appeal, and it is hereby adjudged that John Lindley, counselor at law of the city of New York, be appointed as referee to appraise and value separately the lot of land and the building described in the complaint as of March 1, 1895, and to take proof of the value of the use and occupation of said premises from March 1, 1895, the expiration of said term, to the time of making his said report, with interest thereon, and of all the arrears of rent, taxes and assessments, if any, with interest, which were due prior to March 1, 1895, and also to take proof of all taxes which have become due since March 1, 1895, and which also shall have been paid by the defendants or either of them;

that the said referee shall report to the Special Term of the Supreme Court with all convenient speed, and, upon the coming in of said report and its confirmation according to the rules and practice, the said Special Term shall enter a final judgment herein. It is further adjudged that, within twenty days after the entry of said final judgment, the plaintiffs shall have the right to elect either to grant a renewal of the lease referred to in said complaint, which expired on the 1st day of March, 1895, for the further term of twenty-one years thence next ensuing at the annual rent of 5% of the amount of the appraisal or valuation of said lot of land, to be made as aforesaid, for such further term, and in other respects on the terms and conditions contained in said expired lease ; or to pay to the said defendants, as their interest may appear, or to their executors, administrators or assigns, the value of the building on the said lot of land referred to in the complaint, to be ascertained as hereinbefore provided. Said election to be made after both of said valuations shall have been made. And that in case the plaintiffs, after such valuations shall have been so made, shall elect to make a renewal of said lease, they shall tender to the defendants a new lease as of March 1st, 1895, at a rental to be ascertained as aforesaid, and in other respects upon the terms provided in said expired lease ; and that in case the plaintiffs, after such valuations shall have been so made, shall elect to pay the value of said building, the defendants forthwith shall deliver up the possession of the said premises on the payment or tender by the plaintiffs of such valuation of said building so fixed, with interest from March 1st, 1895, together with such taxes as have fallen due since March 1, 1895, and which also shall have been paid by the defendants or either of them, and interest thereon from the day on which the same shall have been paid, after deducting from the said valuation of the said building the value of the use and occupation of said premises from March 1st, 1895, the expiration of said term, to the time of making his, the said referee's, report, with interest thereon, and of all the arrears of rent, taxes and assessments, if any, with interest, which were due prior to March 1st, 1895, as

found in said judgment. It is further adjudged that the plaintiffs recover from the defendants the costs and disbursements in this action, to be taxed by the clerk; and that until after the election of the plaintiffs either to renew said lease or to pay the value of the building, either party may apply to the court at the foot of said judgment for any further or other order or relief to which he may be advised that he is entitled, not inconsistent with this judgment, and necessary to final and complete relief in the action."

In pursuance of that judgment or order, the referee named took proof upon the questions stated, and made a report thereon to the Special Term by which it was confirmed and adopted. At the opening of the trial before the referee, the defendants objected to proceeding before him upon the ground that the Appellate Division had no power to order such a reference in the action. This objection was overruled and the defendants excepted. The referee thereupon proceeded to take proof under the order or judgment of the Appellate Division as it was finally settled by that court.

Upon the report of the referee, which was confirmed, the Special Term directed judgment thereon, reversing the judgment entered upon the first trial. It then determined that the value of the lot in question on March 1, 1895, was one hundred thousand dollars; that the value of the building on the same day was fifteen thousand one hundred dollars, and that with interest it amounted to $16,912; that the taxes which had been paid by the defendants for the years 1895 and 1896 amounted, with interest, to $2,112.71; that the value of the use of the land and building from March 1, 1895, to March 1, 1897, with interest, was $17,627.41, being at the rate of $8,300 per year, payable monthly in advance; that the plaintiffs had the right to elect either to grant a renewal of the lease for the further term of twenty-one years at the rent of five thousand dollars, or to pay the value of the building which, with interest, amounted to $16,912; that the defendants were entitled to credit for taxes which, with interest, amounted to $2,287.10; that the value of the building

with the amount of taxes paid by the defendants, together
with interest, amounted to $19,199.10; that from that amount
should be deducted the value of the use of the premises from
March 1, 1895, to March 1, 1897, with interest, amounting to
$17,788.99, and costs to the amount of $616.15, making the
total credit to the plaintiffs $18,405.14, and leaving only the
sum of $793.96 to be paid to the defendants for the building;
that the plaintiffs should elect within twenty days after final
judgment and notice thereof either to renew the lease or to
pay the value of the building; that if they elected to renew
the lease they should tender it as of March 1, 1895, at the
rent of five thousand dollars per annum, payable as in former
years, but that if the plaintiffs elected to pay the value of
the building the defendants should forthwith deliver up the
possession upon the payment or tender of $793.96; that if
the plaintiffs elected to grant a renewal of the lease the
defendants should still pay $616.15 costs and disbursements,
and that the judgment should not be a bar or defense to any
action by the plaintiffs to recover for the use and occupation
of the premises.

From that judgment an appeal was taken to the Appellate
Division, where it was unanimously affirmed, and the defend-
ants have now appealed to this court. The notice of appeal
brings up for review not only the last judgment, but also the
judgment or order of the Appellate Division of January 14,
1897, which reversed the first judgment of the Special Term
dismissing the complaint and appointing a referee to deter-
mine the questions mentioned. The order reversing the orig-
inal judgment entered upon the decision of the trial court con-
tained no statement that it was reversed upon the facts, nor
did the second judgment affirming the action of the Special
Term and referee contain any such statement.

*Nelson S. Spencer* for appellants. The decision of the
Appellate Division does not state that the judgment was
reversed upon a question of fact. It must, therefore, be pre-
sumed that the reversal was based wholly upon errors of law,

and that the facts found were approved by that court. (*People* v. *A. Ry. Co.*, 160 N. Y. 225; *Spellman* v. *Looschen*, 162 N. Y. 268.) The judgment of the Special Term was right. The court will not interfere with or take upon itself the duties of arbitrators unless the necessity for doing so is clear. (*Livingston* v. *Sage*, 95 N. Y. 289; *Matter of N. Y., L. & W. Ry. Co.*, 102 N. Y. 704; *Hood* v. *Hartshorn*, 100 Mass. 117; *R. P. D. Church* v. *Parkhurst*, 4 Bosw. 491.) The plaintiffs are not absolved from the agreement of arbitration unless the defendants have acted in bad faith. The question of good faith is one of fact which has been decided by the trial court in the defendants' favor. (*Urhig* v. *W. C. F. Ins. Co.*, 101 N. Y. 362.) The plaintiffs were in fault and responsible for any delay which occurred in refusing to allow an umpire to be chosen to sit with the arbitrators. (*Day* v. *Hammond*, 57 N. Y. 479; Morse on Arbitration, 243.) The Appellate Division erred in directing final judgment. (*Ross* v. *Caywood*, 162 N. Y. 260.) The Appellate Division erred in directing a reference. (*Doyle* v. *M. E. Ry. Co.*, 136 N. Y. 505.) The defendants own the building, and the covenant in the lease is express that they shall not be required to surrender until paid for their building. (*Matter of Coatsworth*, 160 N. Y. 114; *Van Rensselaer* v. *Penniman*, 6 Wend. 569; *Paine* v. *Rector, etc.*, 7 Hun, 89; *Smith* v. *Rector, etc.*, 107 N. Y. 620.) The defendants hold over as tenants at the rent reserved in the expiring lease. (*Holsman* v. *Abrams*, 2 Duer, 435; *Kelso* v. *Kelly*, 1 Daly, 419; *Smith* v. *Cooley*, 5 Daly, 401; *Ryder* v. *Jenny*, 2 Robt. 56; *Preston* v. *Hawley*, 101 N. Y. 586; 139 N. Y. 296; *Collyer* v. *Collyer*, 113 N. Y. 442; *Lamb* v. *Lamb*, 146 N. Y. 317; *Pickett* v. *Bartlett*, 107 N. Y. 277.) The defendants should not be charged with interest on the value of the use and occupation of the premises with which they are charged. (*Gray* v. *C. R. R. Co. of N. J.*, 157 N. Y. 483; *Myers* v. *Bolton*, 157 N. Y. 393.)

*William Mitchell* for respondents. The Supreme Court acting through the Appellate Division had the power to grant

the order of reference made herein. In case of failure of arbitrators to agree on valuations, or on an umpire, equity has jurisdiction to ascertain and determine the values, provided for in the lease, and the rights of the parties. (*Kelso* v. *Kelly*, 1 Daly, 419; *Wells* v. *Deseyen*, 1 Daly, 45; *R. P. D. Church* v. *Parkhurst*, 4 Bosw. 491; *Graham* v. *James*, 7 Robt. 468; McAdam on Landl. & Ten. [2d ed.] 166; Story's Eq. Juris. [13th ed.] 1457; Const. of N. Y. art. 6, § 2; *S. S. Bank* v. *S., C. & N. Y. R. R. Co.*, 88 N. Y. 110; *Cavanaugh* v. *Dooley*, 88 Mass. 66; *Schoonmaker* v. *Bonnie*, 51 Hun, 34; Code Civ. Pro. §§ 827, 1013, 1015; *Dunnell* v. *Ketaltas*, 16 Abb. Pr. 205.) The learned Appellate Division properly charged the defendants with the value of the use and occupation of the premises from the expiration of the lease. The defendants improperly delayed and prevented the arbitration proceeding. This being an equitable action, the relief demanded in the complaint is proper and the court might even go further and hold the defendants liable as trustees for the plaintiffs for the rent and full benefits received by the defendants since the expiration of the term. (Code Civ. Pro. § 2253; *Worrall* v. *Munn*, 38 N. Y. 137.) As the value of the use and occupation was a fixed market price which was liquidated and was undisputed on the trial, and as the defendants have been charged only with the actual rents received by the defendants from their sub-tenants with interest from the dates when the same were paid or payable, the interest was properly chargeable on the amount of rents received. (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135; *Wilson* v. *City of Troy*, 135 N. Y. 96; *Sloan* v. *Baird*, 162 N. Y. 327.) The lessees were bound to quit and surrender on the 1st of March, 1895, pursuant to their express covenant. The payment to a lessee for improvements is not a condition precedent to surrender of possession. (*Tallman* v. *Coffin*, 4 N. Y. 134; *Matter of Coatsworth*, 160 N. Y. 122.)

MARTIN, J. That the learned Appellate Division was not justified in reversing the judgment of the trial court without

awarding the defendants a new trial upon all the issues in the action is thoroughly established by the decisions of this court. (*Moffet* v. *Sackett,* 18 N. Y. 522; *Cuff* v. *Dorland,* 57 N. Y. 560; *Whitehead* v. *Kennedy,* 69 N. Y. 462; *Andrews* v. *Tyng,* 94 N. Y. 16; *Lawrence* v. *Church,* 128 N. Y. 324; *Porter* v. *Dunn,* 131 N. Y. 314; *Altman* v. *Hofeller,* 152 N. Y. 498; *Heller* v. *Cohen,* 154 N. Y. 299; *Benedict* v. *Arnoux,* 154 N. Y. 715, 724; *Snyder* v. *Seaman,* 157 N. Y. 449; *New* v. *Village of New Rochelle,* 158 N. Y. 41; *Matter of Chapman,* 162 N. Y. 456, 459.)

Instead of granting a new trial, to which the defendants were clearly entitled, that court made an order appointing a referee to take certain proof and report it to the Special Term, and then directed that a final judgment should be entered thereon. Without examining in further detail the practice adopted in this case, it is sufficient to say that it was wholly unauthorized and irregular, and must be set aside. We have so often and so recently discussed the absence of authority in the Appellate Division to grant similar orders or judgments, that any further discussion of the subject would be a work of supererogation.

There is, however, a more serious impediment to the affirmance of either of the judgments of the Appellate Division, arising from the fact that the first judgment of the Special Term was reversed upon questions of law only. The order of reversal contains no statement that the judgment was reversed upon the facts, and, hence, under the mandate of section 1338 of the Code of Civil Procedure, it must be presumed to have been reversed upon questions of law. (*People* v. *Adirondack R'way Co.,* 160 N. Y. 225; *Bomeisler* v. *Forster,* 154 N. Y. 229; *Petrie* v. *Trustees of Hamilton College,* 158 N. Y. 458; *Gannon* v. *McGuire,* 160 N. Y. 476; *Lannon* v. *Lynch,* 160 N. Y. 483; *Schryer* v. *Fenton,* 162 N. Y. 444; *Spellman* v. *Looschen,* 162 N. Y. 268.)

The trial court was plainly of the opinion that the proof disclosed such a lack of diligence or effort upon the part of the plaintiffs to procure a valuation of the premises and building in the manner prescribed by the lease as to prevent them from

maintaining this action, and for that reason dismissed the complaint. It is equally manifest that the learned Appellate Division was of the opinion that, upon the facts, the complaint should not have been dismissed, and upon that ground reversed the judgment. An examination of the evidence taken upon the first trial renders it obvious that there was sufficient testimony to justify the Special Term in finding that the plaintiffs were guilty of such inaction and negligence upon their part as to prevent the proper maintenance of this action. The plaintiffs were not entitled to the relief sought, unless the defendants were guilty of some improper act or omission to proceed with the arbitration, or to agree upon the value of the property in the manner provided by the lease, especially if there was such neglect upon the part of the plaintiffs as is indicated by the evidence and determination of the Special Term. It was the duty of each party to act in good faith to accomplish the appraisement in the manner specified. (*Livingston* v. *Sage*, 95 N. Y. 289; *Hood* v. *Hartshorn*, 100 Mass. 117; *Kelso* v. *Kelly*, 1 Daly, 419; *Uhrig* v. *Williamsburgh City F. Ins. Co.*, 101 N. Y. 362.)

While it may be that as the Appellate Division had the right to review the first judgment, both as to the law and facts, it might have properly reversed it upon the facts, still, not having done so, its judgment of reversal cannot be sustained, unless the decision of the Special Term was without any evidence to support it, and, hence, a reversal upon the law was justified. An examination of the record renders it manifest that it could not be properly held, as a matter of law, that the Special Term was not authorized by the proof before it to dismiss the complaint upon the ground stated. Therefore, the learned Appellate Division erred in reversing the first judgment upon the law, and its judgment must be reversed and the judgment of the Special Term affirmed, unless this court acts upon the consent or stipulation of the defendants' attorney, made upon the argument.

The attorney for the appellants, during the argument, consented that if this court should be of the opinion that the

principle adopted in appraising the value of their building was correct, the judgment might be so modified in other particulars as to conform to the law and proper practice, and as thus modified might be affirmed. We have carefully examined that branch of the case which relates to the appraisal and valuation of the interests of the parties in the premises, and are of the opinion that the appraisals were correct both as to the value of the land and as to the value of the building thereon.

But the judgment of the court below is erroneous in other respects, and must be reversed and the first judgment of the Special Term affirmed, unless the respondents shall stipulate to modify the judgment of the Appellate Division in the particulars pointed out. The court below erroneously charged the appellants eighty-three hundred dollars a year from March 1, 1895, to March 1, 1897, for the use and occupation of the premises, when the annual rent reserved in the lease was only one thousand dollars. In this connection it is to be observed that by the terms of the lease the defendants would not have been justified in surrendering or required to surrender possession until the plaintiffs elected either to renew the lease upon terms agreed upon or adjusted, or to purchase the building at a price agreed upon or settled in the manner specified. Such is the plain reading of the lease, and such was the clear intention of the parties making it. Therefore, it is obvious that the defendants could not properly surrender possession until the value of the lot and building was agreed upon or thus determined, nor until the plaintiffs made their election. The plaintiffs at no time indicated any willingness to accept the possession or in any way consented to a surrender thereof by the defendants. We think the continuance of the defendants in possession of the premises must be regarded as under the lease until such time as the plaintiffs actually made their election, which was not until after the second judgment was rendered. Where a lease for a term of years contains a covenant on the part of the lessor that at the expiration of the term the lessee shall be paid the appraised value of the building, or a new lease at an appraised rent shall

be granted, the lessee at the expiration of the term is entitled to retain the possession until the covenant shall be performed by the lessor. This binds both the lessor and lessee. The lessee is not, however, discharged from the payment of the rent, but in an action for use and occupation the lessor can recover no more than the rent originally reserved. (*Holsman* v. *Abrams*, 2 Duer, 435 ; *Ryder* v. *Jenny*, 2 Robertson, 56 ; *Paine* v. *Rector, etc.*, 7 Hun, 91 ; *Van Rensselaer* v. *Penniman*, 6 Wend. 569.)

Instead of being charged $8,300 a year the defendants should have been required to pay only the annual rent of one thousand dollars reserved by the lease. Therefore, the judgment should be modified by deducting from the amount allowed to the plaintiffs for the use of the premises the sum of $15,627.41, the interest thereon amounting to $161.58, and the costs and disbursements allowed against the plaintiffs amounting to $616.15, making a total of $16,405.14 which should be deducted from the amount credited to the plaintiffs ; that the defendants should be allowed for the value of their building $15,100, but the amount credited to them for taxes should be disallowed, and the rent for the two years the premises were occupied by them should be deducted from the value of the building, leaving their due therefor, after deducting the rent, the sum of $13,100.

It follows that the judgment of the Appellate Division reversing the first judgment of the Special Term should be reversed, the subsequent proceedings and judgment set aside, and the said judgment of the Special Term affirmed, with costs to the defendants of all the proceedings in all the courts, unless the plaintiffs stipulate to modify the judgment appealed from so as to direct that the plaintiffs pay to the defendants $13,100, with interest thereon from March 1, 1897, with costs to the defendants in all the courts. If they shall so stipulate, then the judgment appealed from should be modified in accordance with such stipulation and, as so modified, affirmed.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Judgment accordingly.