In the Matter of the Application of ELY CULBERTSON, Petitioner, Respondent, for an Order Appointing a Third Arbitrator to Arbitrate a Dispute and to Compel an Arbitration with KEM PLAYING CARDS, INC., and KEM CARD SALES CORPORATION, Appellants.

First Department, April 5, 1940.

*Jacob Chaitkin*, for the appellants.

*Jack Korshin* of counsel [*Louis A. Berko* with him on the brief; *Berko, Korshin & Berko*, attorneys], for the respondent.

DORE, J. This is an application by petitioner Culbertson for the appointment of a third arbitrator pursuant to article 84 of the Civil Practice Act. Appellant Kem Playing Cards, Inc., and petitioner were parties to an agreement under the relevant terms of which Kem agreed to pay petitioner certain royalties on sales of cards, the rate of the royalty depending upon the ratio between the net cost of manufacture of the cards and the average billing price to purchasers. If a dispute arose as to the net cost of manufacture the parties also agreed it was to be determined by certified public accountants, one appointed by each side, who

if they failed to agree were to appoint a third, the three to act as a board in determining the cost of manufacture as defined in the relevant agreement.

Petitioner brought two actions against appellants to recover installments of royalties accruing under the agreement. After joinder of issue appellants claimed an increase in the cost of manufacture and gave notice of intention to amend the answers accordingly. Thereafter the parties to the actions stipulated in writing that the cost of manufacture be determined in accordance with the agreement referred to and each side designated a certified public accountant but the two accountants were unable to agree. Petitioner claims appellants' accountant refused to participate in the selection of a third accountant, and brought this petition asking the court to designate a certified public accountant as an arbitrator pursuant to article 84 of the Civil Practice Act. The Special Term granted the motion, appointed an arbitrator to act with the other two accountants, and directed appellants to submit the controversy to arbitration in accordance with the Civil Practice Act.

The relevant portions of the controlling contract appear without dispute in the record. The agreement was not a submission to arbitration within the meaning of article 84 but merely an agreement for the calculation of the net cost of manufacture by certified public accountants appointed by the respective parties. The distinction between an agreement to submit to arbitration and the reference of an incidental matter of calculation or appraisal, the decision of which is not conclusive as to the ultimate rights of the parties, is firmly established. (*Matter of Fletcher*, 237 N. Y. 440, 445; *Matter of American Insurance · Co.*, 208 App. Div. 168, 170.)

The inability of the two designated accountants to reach a basis for agreement appears primarily to be due to petitioner's unwillingness to have his accountant make an official report of his findings as to the cost of manufacture and deliver such statement to the other party. While the agreement does not explicitly state that petitioner's accountant is obliged to send his statement to the other side showing the manner in which the cost has been determined, it is instinct with such obligation, since it would be clearly impossible to determine whether the accountants agreed upon the cost of manufacture unless each accountant revealed to the other his official statement or calculation.

As the order appealed from was granted on the assumption that there was a submission, it must in all respects be reversed, with costs, and the petition dismissed. The court, however, may

enforce the stipulation. Appellants are willing to abide by its terms and determine the cost of manufacture in accordance with the provisions of the agreement; and have stated they will consent to the appointment by the court of a third certified public accountant. Accordingly the reversal is without prejudice to a proper application in the actions for the appointment of a third certified public accountant if the parties are still unable to agree.

The order appealed from should be reversed, with twenty dollars costs and disbursements, the motion denied and the petition dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, the motion denied and the petition dismissed.