In the Matter of the Arbitration Between JOSEPH L. KALLUS, Respondent, and IDEAL NOVELTY & TOY COMPANY, Appellant.

Second Department, October 18, 1943.

*Mordecai Konowitz* (*Ralph Copland* and *Murray H. Paloger* with him on the brief), for appellant.

*Walter S. Beck* (*Leon Alexandroff* with him on the brief), for respondent.

*Per Curiam.* That part of the agreement which provides that the period of time for which the license is to continue and royalties are to be paid shall be determined by arbitration is valid and enforcible. (*Mutual Life Ins. Co.* v. *Stephens,* 214 N. Y. 488, 495, 496; *People ex rel. U. Ins. Co.* v. *Nash,* 111 N. Y. 310; *Smith* v. *Rector, etc., of St. Philip's Church,* 107 N. Y. 610, 620; *Hydraulic Power Co.* v. *Pettebone-Cataract P. Co.,* 198 App. Div. 644, 650, 651; *Weir* v. *Barker,* 104 App. Div. 112, 122, 123; *Van Beuren* v. *Wotherspoon,* 12 App. Div. 421, 164 N. Y. 368, 378; cf. *Matter of Fletcher,* 237 N. Y. 440, at pp. 445, 448, 450.)

This provision of the agreement presents a controversy which is precedent to the other issues sought to be arbitrated between the parties, and comes within the terms of the amendment (L. 1941, ch. 288) to section 1448 of the Civil Practice Act. That amendment appears to have been enacted for the express purpose of subjecting such questions to arbitration. Prior to the amendment they were not arbitrable. (*Matter of Culbertson v. Kem Playing Cards, Inc.,* 259 App. Div. 263, 264; *Matter of American Insurance Co.,* 208 App. Div. 168, 170, 171; *Matter of Fletcher, supra,* pp. 440, 444-447.) *Matter of Stern* (285 N. Y. 239), decided five days after the effective date of this amendment, does not relate thereto and is readily distinguished. That case merely holds a submission to arbitration under the statute must embrace a controversy " which may be the subject of an action," and that the question of allowance to be made by the husband for the support of his wife and child may not, except as an incident to a matrimonial action, be made the subject of an action.

The order denying motion to stay an arbitration proceeding should be affirmed, with ten dollars costs and disbursements.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.