ROXANNA LAWRENCE et al., as Executors, etc., Respondents, *v.*
HENRIETTA CHURCH, as Executrix, etc., Appellant.

Upon appeal from a judgment in favor of plaintiff in an action upon a
contract, the General Term reversed the judgment, unless plaintiff con-
sented to deduct therefrom a sum specified "without prejudice to a
future action to recover the same or any part thereof," and in case of
such consent, affirmed the judgment. Plaintiff consented, and the
judgment as modified was affirmed. Upon appeal by defendant, *held,*
that plaintiff would not be heard to insist that the original judgment
was correct, but it was to be assumed that it was erroneous, at least to
the extent indicated; also that the court had no power to grant plaintiff
the privilege to sue again to recover the amount deducted; and so that
defendant was entitled to a reversal and new trial.

The agreement upon which the action was brought was that C., defendant's
testator, would pay all the debts allowed or legally established against
the estate of S., plaintiff's testator. *Held,* that the decree upon the judi-
cial settlement of the accounts of S., to which accounting S. was made
a party, was conclusive as to the amount of debts legally established.

By the agreement C. was to have the benefit of a mortgage belonging to
the estate, or the proceeds, if any, after paying the legal and proper
expenses and commissions in collecting the mortgage. A demurrer was
interposed by the defendant to the complaint herein, which was sus-
tained, with leave to plaintiffs to amend. Upon the accounting plain-
tiffs were allowed the expenses of their unsuccessful defense to the
demurrer, and these were allowed them herein as expenses of adminis-
tration. *Held,* error; that while such expenses were properly allowed
to plaintiffs on their accounting, as between the parties here they could
not be regarded as expenses of administration.

But *held,* that with this exception the decree was conclusive evidence as to
what the proper and legal expenses of administration were.

The decree was entered subsequent to the commencement of this action,
and it allowed as necessary expenses of administration disbursements
made by plaintiffs after the action was commenced. *Held,* that in order
to prove such items by the decree, application should have been made
by plaintiffs under the provisions of the Code of Civil Procedure (§ 544),
for leave to permit them to make a supplemental complaint, alleging
the entry of the decree as a material fact which occurred since the former
complaint was made.

By the agreement C. further agreed to pay to L., one of the plaintiffs,
"$3,000, in such manner as will be acceptable to her." The referee
allowed interest thereon from the date of the agreement. *Held,* error;
that interest would not begin to run until a demand was made or a suit
brought.

(Submitted June 19, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme · Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1890, which modified, and as modified affirmed, a judgment in favor of plaintiffs entered upon the report of a referee.

In September, 1882, an action was begun by the plaintiffs against Walter S. Church, original defendant and the present defendant's testator, on several promissory notes given by the latter to the plaintiffs' testator in his life-time, amounting in the aggregate to upwards of $12,000, with an allegation of certain payments from time to time to apply thereon. The answer pleaded the Statute of Limitations, denied the allegation of partial payments and set up a counter-claim, to which the plaintiff replied.

On the 4th day of January, 1884, the action above mentioned being pending and at issue as above, the parties thereto entered into a written agreement, of which the following is a copy, and of which a duplicate was signed by George and William Sherman named therein :

## "SUPREME COURT.

" ROXANNA H. LAWRENCE, as Executrix, GEORGE SHERMAN, as Executor of the Last Will and Testament of JUDSON W. SHERMAN, Deceased, *against* WALTER S. CHURCH.

" STIPULATED, That Walter S. Church will pay all the debts allowed or legally established against the estate of said deceased, including the mortgage and liens on the real estate of said deceased at the time of the death of said deceased. 2. That said Walter S. Church, defendant as aforesaid, will pay to Roxanna Lawrence aforesaid, the sum of three thousand dollars, in such manner as will be acceptable to her. 3. That said Walter S. Church shall have the benefit of the Thomas J. Chew, Jr., notes and mortgage now belonging to the estate, or the proceeds thereof, if any, after paying the expenses and commissions such as are legal and proper in collecting said mortgage and settling and administering upon the estate. The said Roxanna Lawrence to have the use during her natural

life of the house and lot where she lives, according to the will; she to release to George and William Sherman her life estate in the vacant lot, and said George and William to have the said house and lot subject to the life estate of said Roxanna. When this is all done this action to be discontinued and the notes surrendered.

"(Signed.)          W. S. CHURCH.
                          "ROXANNA H. LAWRENCE,
                          "Administratrix of J. W. Sherman estate."

"(Witness) JAMES LOCKHART.

"*Jan. 4th,* 1884."

There having been no performance or offer of performance of the foregoing agreement on the part of Church, the plaintiffs commenced this action thereon, joining with them the plaintiff Roxanna H. Lawrence individually. The complaint alleged, in addition to the facts above stated, the further fact that the amount realized on the Chew notes and mortgage, which was alleged to be the sum of $2,902.20, was less by several hundred dollars than the amount of the debts of the estate allowed and paid by them and the costs and expenses of collecting said mortgage and of administration, and demanded judgment against the defendant for such deficiency, in addition to the $3,000 stipulated to be paid to the plaintiff Lawrence.

To this complaint the defendant demurred on the ground, among others, that there was a misjoinder of parties plaintiff. The issues of law thus joined were tried at Special Term, and it was held that there was a misjoinder of parties plaintiff by the joinder of Roxanna H. Lawrence individually as such party, and the demurrer was sustained as to this ground, and judgment was ordered for the defendant thereon, with leave to the plaintiffs to amend. The plaintiffs thereupon amended by striking out the name of Roxanna H. Lawrence as a plaintiff individually, and the action continued.

On the trial the plaintiffs made proof of debts of the estate allowed and paid by them to the amount of $2,401.45. They were also permitted to introduce in evidence, against the

defendant's objection and exception, the decree of the surrogate made on the judicial settlement of the accounts of the plaintiffs as executors, which allowed the payments above mentioned; and also settled and allowed the costs and expenses of collecting the Chew notes and mortgage, and of the administration and settlement of the estate, including commissions to the plaintiff and expenses incurred after the commencement of this action, at the sum of $950.24. From these figures there resulted a balance of $449.49 as the deficiency in the amount realized on the Chew mortgage to pay the amount of debts and expenses paid by the plaintiffs in settling the estate, and for the amount of such deficiency, together with the $3,000 stipulated to be paid to Roxanna H. Lawrence, with interest, judgment was ordered and entered for the plaintiffs.

*Richardson & Robbins* for appellant. The judgment of the General Term should be reversed as it held that the referee erred in receiving in evidence the decree made on the 23d day of February, 1889, on the judicial settlement of the plaintiffs' accounts as executors of the estate of Judson W. Sherman, deceased, and the papers and proceedings on such settlement. (*Wisner* v. *Ocunepaugh*, 71 N. Y. 115; *Hall* v. *Olney*, 65 Barb. 27; *Hornpager* v. *Hornpager*, 6 How. Pr. 13; *Stafford* v. *Howlett*, 1 Paige, 200; Code Civ. Pro. § 544; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Cuff* v. *Dorland*, 57 id. 560; *Williams* v. *Fitch*, 18 id. 546; *Foote* v. *Beecher*, 78 id. 155; *In re Smith*, 95 id. 516, 527; *Baird* v. *Gilbert*, 47 id. 186; *Pinney* v. *Orth*, 88 id. 447; *Worrall* v. *Parmalee*, 1 id. 519.) The sum which the General Term ordered deducted from the plaintiffs' judgment did not form a separate item of the recovery, and could not be separated from the judgment so as to allow the balance to stand. (*Goodsell* v. *W. U. T. Co.*, 109 N. Y. 147, 151; *Crim* v. *Starkweather*, 88 id. 339; *Cockerill* v. *Loonam*, 36 Hun, 353.) The General Term had no power to modify the judgment by deducting $950.24 therefrom "without prejudice to a new action to recover the same." (*Goodsell* v. *W. U. T. Co.*, 109 N. Y. 147; *Wostenholme* v.

*W. F. Mfg. Co.,* 64 id. 272; *Story* v. *N. Y. & H. R. R. Co.,*
6 id. 95; *O'Beirne* v. *Lloyd,* 43 id. 248; *Secor* v. *Sturgis,* 16
id. 548; *Bendernagle* v. *Cocks,* 19 Wend. 207.) The referee
erred in allowing interest upon the various sums payable under
the contract, and for this reason the judgment should be
reversed. (*Ledyard* v. *Bull,* 119 N. Y. 62; *Smith* v. *Velie,*
60 id. 106; *White* v. *Miller,* 78 id. 393.) The referee erred
in denying the motion for a nonsuit. (*Kromer* v. *Heim,* 75
N. Y. 576, 577; *Noe* v. *Christie,* 51 id. 270; *Russell* v. *Lytle,*
6 Wend. 390; *Daniels* v. *Hallenbeck,* 19 id. 408; *Brooklyn
Bank* v. *DeGrauw,* 23 id. 342; *Day* v. *Roth,* 18 N. Y. 448;
*Tilton* v. *Alcott,* 16 Barb. 598; *Mitchell* v. *Hawley,* 4 Denio,
414; *Dolsen* v. *Arnold,* 10 How. Pr. 528; *Panzerbeiter* v.
*Waydell,* 21 Hun, 161; *Breman* v. *Ostrander,* 18 J. & S.
426; *Van Campen* v. *Ford,* 15 N. Y. S. R. 310; *Cauhape* v.
*Park,* 121 N. Y. 152; *People* v. *Stevens,* 38 id. 63; *Hawley*
v. *Singer,* 5 Dem. 82; *Ferguson* v. *Ins. Co.,* 22 Hun, 320;
*Shaw* v. *Broadhbent,* 26 N. Y. S. R. 836.)

*J. H. & C. W. Stevens* for respondents    The plaintiffs are
entitled to recover at least the amount found by the referee.
(2 Pars. on Cont. 195; *Davis* v. *Spencer,* 24 N. Y. 386;
*Morehouse* v. *Bank,* 98 id. 503; *Wahl* v. *Barnum,* 116 id.
95; *Eddy* v. *Davis,* Id. 254; *Dums* v. *Milne,* 113 id. 303;
*Kirtz* v. *Peck,* Id. 222; 1 Chitty on Cont. 42, 44; *Lawrence*
v. *Fox,* 20 N. Y. 268; *Tilton* v. *Alcott,* 16 Barb. 598; 2
Abb. [N. C.] 81; 75 N. Y. 574.) The decree of the Surro-
gate's Court is competent evidence. (*Pray* v. *Hegeman,* 98
N. Y. 531; *C. Co.* v. *Walker,* 114 id. 7; *Tousey* v. *Roberts,*
Id. 312.) No objection is made by answer or motion for a
nonsuit raising the question that these plaintiffs cannot recover
for the $3,000 agreed to be paid to Roxanna H. Lawrence,
although by the will she is entitled to $5,000. (*Bingham*
v. *M. Bank,* 41 Hun, 377; 112 N. Y. 661.)

PECKHAM, J. The General Term upon defendant's appeal,
reversed the judgment for plaintiffs entered upon the report
of the referee and granted a new trial, unless the plaintiffs

consented to deduct from the judgment the sum of $950.24, with interest from February 23, 1889, " without prejudice to a future action to recover the same or any part thereof," and in case the plaintiffs did so consent, the judgment thus modified was affirmed, without costs of the appeal to either party.

The plaintiffs consented to make the deduction and the amount named was thereupon deducted from the judgment (without prejudice as above stated), and as thus modified the judgment was affirmed, and from the affirmance the defendant has appealed here.      The plaintiffs of course did not appeal, having consented to make and making the deduction as provided for by the order of the General Term.

Whether the General Term were correct in ordering a reversal unless this deduction were made, is a question which is not before us and which, therefore, we are not to inquire into.      The alternative was granted plaintiffs to reduce their judgment and retain it as reduced, or submit to a total reversal. They elected to reduce it as provided by the General Term and it was reduced accordingly, and as reduced it was affirmed. We must now assume that the original judgment entered upon the report of the referee was erroneous at least to the extent indicated by the decision of the General Term, and the plaintiffs cannot be heard to insist that such original judgment was correct.

This has been expressly decided in this court.      ( *Whitehead* v. *Kennedy*, 69 N. Y. 462.)

Assuming the General Term was right in reversing the judgment and granting a new trial, it is insisted that the privilege permitting the plaintiffs to deduct the sum named without prejudice to a future action by them to recover the same or any part thereof, was illegal and beyond the power of the court to grant.      We are of that opinion.

We think the court had no power to grant the privilege to the plaintiff to sue again to recover the amount deducted from this judgment or any part thereof.

So far as the plaintiffs are concerned, the liability of the defendant's testator was solely under the agreement, and it was

indivisible and could not be split up into two or more claims or causes of action in their favor. They could have but one cause of action founded upon the agreement, and the liability of the defendant's testator could not be enlarged by any order of the court. The result of the decision of the General Term is to permit a recovery in this action for a portion of defendant's liability upon the agreement, with costs of the trial, and to grant to plaintiffs the right to commence a new action to recover the balance of defendant's liability arising upon the same agreement, with costs in case of recovery. This is improper. ( *Whitehead* v. *Kennedy, supra.*) If the General Term did not desire to grant a new trial unconditionally, the alternative should have been a modification of the judgment by the deduction of the amount regarded as erroneous, without any privilege of again suing for the same. Such a modification, when assented to by the plaintiffs and resulting in the affirmance of the judgment as modified, would, upon the facts in this case, have operated as an abandonment by plaintiffs of the amount deducted.

If the plaintiffs were not satisfied with such an affirmance, they could refuse to avail themselves of the privilege offered, and go back for a new trial upon the whole issues involved in the case.

Upon this appeal, we think we should now reverse the judgment entered upon the order of the General Term, and also that entered upon the report of the referee, and grant a new trial absolutely. The judgment, as modified by the General Term, we hold to be erroneous, and we ought not, under the facts in this case, to modify it on the terms which we hold the General Term might have legally imposed, because we think there were other errors in the case which in justice require us to reverse the judgment as it stands.

Some questions will arise on the new trial, which it is proper for us to now express an opinion in regard to.

The agreement upon which the action is brought provides that defendant's testator will pay all the debts allowed or legally established against the estate of the deceased, Judson W. Sherman.

The decree entered upon the judicial settlement of the accounts of the executors, to which accounting the defendant's testator was a party, would be conclusive of the amount of the debts which had been legally established.

It would also be conclusive evidence of the expenses of settling and administering upon the estate. The defendant's testator agreed that such expenses as were legal and proper in the administration of the estate should be deducted from the proceeds of the Chew mortgage and only the balance thereof should be credited to him.

We do not think the agreement can be construed as including expenses incurred by the plaintiffs in their unsuccessful defense to the defendant's demurrer in this case. Such expenses are not, as between the parties to the agreement, expenses of administration to be deducted from the proceeds of the Chew mortgage. They never could have been in the contemplation of the parties. It is not possible for us to so construe this agreement as to hold that expenses incurred in such a case, or costs paid to the defendant's testator, under such circumstances, were to be regarded as administration expenses and allowed for by him.

While such expenses may properly be claimed by the plaintiffs to have been expenses of administering the estate, and hence justly allowed to them in their final accounting, we do not think they can be so regarded as between the parties to the agreement. Those particular expenses, therefore, are not to be deducted from the proceeds of the Chew mortgage before the defendant can receive the benefit thereof. The decree is, however, conclusive evidence as to what the proper and legal expenses of administration were, and the amount thereof should be deducted from the proceeds of the mortgage, with the exception above stated.

One of the issues to be determined in this action was the amount of the debts of the late Judson W. Sherman, which had been legally established. Another was the amount of the legal and proper expenses of settling and administering upon the estate. Upon both these issues the decree in question was

competent and conclusive evidence, and, therefore, it determined a part of the matters in controversy in this action.

The decree was, however, entered subsequent to the commencement of this action, and it allowed among the necessary expenses of administration, disbursements made by the plaintiffs after the action herein was commenced. We think, in order to prove such items by the decree, that application should be made by the plaintiffs under section 544 of the Code for leave to permit them to make a supplemental complaint alleging the entry of this decree as a material fact which has occurred since the former complaint was made, and upon the granting of such order the decree proving all the proper items, subsequent as well as prior to the commencement of this action, can be properly put in evidence on the trial.

There is a question of interest which, we think, was erroneously decided by the referee.

The defendant's testator in the agreement promised that he would " pay to Roxanna Lawrence aforesaid the sum of three thousand dollars, in such manner as will be acceptable to her." The referee allowed interest thereon from the date of the agreement, January 4, 1884. The money by this agreement would become due on demand. I do not think it would draw interest until a demand was made or until a suit was commenced. The plaintiffs were not bound before making the demand to wait for the collection of the Chew mortgage and the closing of the estate, and the final determination of the amount of the " benefit " to be given to the defendant's testator in the way of proceeds of such mortgage.

This " benefit " he was to receive when the mortgage was collected and the deductions for costs of collection and legal and administration expenses had been made, but his promise to pay the $3,000 was not contingent upon the collection of the mortgage, nor was he to pay only the balance of the $3,000 remaining after the proceeds of the mortgage had been applied to such payment. The two matters were in this respect independent of each other. He had agreed unconditionally to pay the $3,000 to Roxanna Lawrence. What he might thereafter

be allowed from the proceeds of the mortgage after making the proper deductions would in the final result diminish the amount of his expenditures under and by reason of the agreement, but the receipt of such proceeds was not a condition precedent to his obligation to make that payment. As to interest upon the debts of the deceased Sherman paid by the plaintiffs, the referee allowed it upon the balance of the debts, expenses and commissions over and above the amount of the collection of the Chew mortgage, to be cast from the date of the final accounting, February 23, 1889, and he found the sum to be $449.49. This sum was arrived at by allowing some items for administration expenses, which we have already held to be improper, and hence the result would be less than the above named sum.

The amount of the " expenses and commissions in collecting the Chew mortgage and settling and administering the estate," the defendant's testator did not agree to pay. He merely consented that such amount might be deducted from the proceeds of the Chew mortgage, which he was to receive the benefit of.

While the method of casting the interest pursued by the referee was not based upon precisely accurate principles, the result arrived at was exactly the same as if the other and proper method had been pursued. After the entry of the decree all the items appeared which were necessary to be known in order to arrive at the amount of defendant's indebtedness by reason of the agreement, outside of the $3,000, and that amount was then due the estate and interest should run upon it from the date of the entry of the decree.

Upon the question of the consideration for the agreement we may assume without deciding that the General Term was in error in regarding the defendant concluded by the order entered upon the demurrer. In that case the question is open here. We think the consideration was ample. There were mutual promises and each stood as the consideration for the other.

We think, therefore, that the proper order for us to make

is to reverse the judgment in favor of plaintiff entered upon the order of the General Term, and also the original judgment entered upon the report of the referee, and to grant a new trial absolutely, with costs to abide the event, and we direct accordingly.

All concur.

Judgment accordingly.