Huppuch's name, as prefixed to his account, necessarily imported the existence of a trust; but we do hold that, under the pleadings, the defendant was entitled to inquire into the existence of any trust relation on his part, and into the character of the trust, if one existed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

---

(69 App. Div. 570.)

### HELGERS v. STATEN ISLAND MIDLAND R. CO.

(Supreme Court, Appellate Division, Second Department. March 14, 1902.)

COSTS—NEW TRIAL FOR ERROR OF JURY.

An order granting a new trial for a mistake of the jury, without imposing the costs of first trial, will be affirmed only on payment of those costs and the costs of an appeal therefrom.

Appeal from trial term, Richmond county.

Action by Henry J. Helgers against the Staten Island Midland Railroad Company. From an order setting aside a verdict for plaintiff as against the evidence, and granting a new trial, plaintiff appeals. Affirmed on conditions.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

W. J. Powers, for appellant.

Warren C. Van Slyke (George M. Pinney, Jr., on the brief), for respondent.

HIRSCHBERG, J. The defendant's motion for an order setting aside the verdict and granting a new trial was made upon all the grounds stated in the Code of Civil Procedure, but the written opinion of the learned trial justice makes it quite clear that it was granted because the verdict was deemed to be against the weight of evidence, and because the amount, although very small, was regarded as excessive under the proof. Without discussing the facts, it is sufficient to say that the circumstances under which the discretion of the learned trial justice was exercised do not compel a different determination in this court in the exercise of its discretion upon review. But it was error to grant the favor of a new trial because of a mistake upon the part of the jury without imposing the payment of the costs of the first trial upon the party at whose instance the new trial was ordered. This is the settled rule of practice, and as was said by the former general term in the Third department in O'Shea v. McLear (Sup.) 1 N. Y. Supp. 407, 408, "this rule seems too firmly established to be departed from, even in a case of seeming hardship." Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502, was a case where a verdict was set aside upon the plaintiff's motion as inadequate, and the order was modified by the appellate division in the First department so as to require the payment by the plaintiff of the costs and disbursements of the former trial as a condition. The court said (page 580, 1 App. Div., and page 503, 37 N. Y. Supp.): "It is the rule that, when a new trial is granted for error of the jury, costs of the former trial should be imposed upon the party asking

for it as a condition of granting the favor." See, also, Bailey v. Park, 5 Hun, 41, and Kelly v. Frazier, 27 Hun, 314. We have had fre-quent occasion to correct the violation of this rule, among recent in-stances being Fawdrey v. Railroad Co., 64 App. Div. 418, 72 N. Y. Supp. 283; Cohen v. Same, 66 App. Div. 613, 73 N. Y. Supp. 1132; Harrington v. Same, 66 App. Div. 613, 73 N. Y. Supp. 1136; and Curry v. Railway Co., 66 App. Div. 614, 73 N. Y. Supp. 1132. In accordance with the authority of these cases and the long-settled practice of the supreme court, the order must be modified by insert-ing a provision requiring the defendant to pay the costs of the trial and all disbursements in the action to date, together with the costs of this appeal. In default of such payment, of course, the order will be reversed, and judgment directed upon the verdict, with costs, and the costs of this appeal. All concur.