(86 App. Div. 472.)

## LAWRENCE v. WILSON.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. NEW TRIAL—EXCESSIVE VERDICT—JUDICIAL DISCRETION.
   Code Civ. Proc. § 999, providing that the trial judge may set aside a verdict because excessive or because of insufficiency of the evidence, contemplates a judicial discretion which may be corrected on appeal where justice imperatively demands interference.

2. SAME—REMISSION OF EXCESS.
   A trial justice may, in his discretion, make an order setting aside a verdict and granting a new trial unless the successful party stipulates to accept a certain sum, less than the verdict.

3. SAME—COSTS.
   On such an order, costs should be awarded against the party in whose favor it is made.

Appeal from Special Term, Westchester County.

Action by James V. Lawrence against William C. G. Wilson.   From an order setting aside a verdict in favor of plaintiff, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Hector M. Hitchings, for appellant.
Eugene Frayer, for respondent.

WOODWARD, J.   The learned justice presiding at the trial of this action has granted a motion made by the defendant, under the provisions of section 999 of the Code of Civil Procedure, setting aside the verdict of the jury and granting a new trial unless the plaintiff should stipulate to accept the sum of $75 in place of $400, which the jury found.   The action was brought for conversion, and the defendant offered judgment for $100, which the plaintiff declined to accept. This appeal brings up the question of the authority of the trial court to make this conditional order, and incidentally the question of costs.

From an examination of the evidence in the case, we are persuaded that the learned court has not erred in granting a new trial.   Section 999 of the Code of Civil Procedure provides that the "judge presiding at a trial by a jury may, in his discretion, entertain a motion, made upon his minutes, at the same term, to set aside the verdict," etc.

¶ 2. See New Trial, vol. 37, Cent. Dig. § 324.

This evidently contemplated a judicial discretion, an abuse of which might be corrected on appeal, and yet it is peculiarly a discretion vested in the trial judge, and it ought not to be interfered with except in a case where the ends of justice imperatively demanded action. Lund v. Spencer, 42 App. Div. 543, 59 N. Y. Supp. 752. In this case there was evidence to support the verdict up to the amount of $75, and there was some testimony from which an inference might be drawn in support of a larger amount. We find no authority in this state which holds that in such a case the trial justice, having the power absolutely to set the verdict aside and grant a new trial, may not name conditions upon which the valid portion of the judgment may be sustained, provided the plaintiff is willing to accept the terms. In Lawrence v. Church, 128 N. Y. 324, 28 N. E. 499, the verdict for the plaintiff was reversed by the General Term unless the plaintiffs would consent that a certain amount should be deducted from the same, "without prejudice to a future action to recover" the amount deducted. Commenting upon this state of facts, the court say:

"If the General Term did not desire to grant a new trial unconditionally, the alternative should have been a modification of the judgment by the deduction of the amount regarded as erroneous, without any privilege of again suing for the same. Such a modification, when assented to by the plaintiffs, and resulting in the affirmance of the judgment as modified, would, upon the facts in this case, have operated as an abandonment by plaintiffs of the amount deducted. If the plaintiffs were not satisfied with such an affirmance, they could refuse to avail themselves of the privilege offered, and go back for a new trial upon the whole issues involved in the case."

This is, we think, fairly the doctrine of Whitehead v. Kennedy, 69 N. Y. 462, when read in full, and we find nothing to suggest that this rule is confined to negligence cases. See the Whitehead Case, p. 468, and authorities cited; also Van Beuren v. Wotherspoon, 164 N. Y. 368, 376, 377, 57 N. E. 633, and authorities there cited. The doctrine is well established that the Appellate Division cannot dispose of a jury case on the reversal of a judgment. It may set the verdict aside, but it must give the defeated party a new opportunity to go to the jury (McDonald v. Metropolitan Street R. Co., 167 N. Y. 66, 70, 60 N. E. 282), and that is the power confided to the trial justice; but there is no objection to his permitting the plaintiff to elect, where there are particular items in the case which are supported by the evidence, between a new trial and a reduction of the verdict. The latter is a favor extended to the plaintiff, and affords no ground for complaint. The only question to be determined in respect to such an order is whether the discretionary power has been so far abused as to warrant the conclusion that injustice may result if a new trial is had. If not, then any concessions which the order may make to the plaintiff can give the latter no rights upon appeal. He refuses to accept the terms suggested in making the appeal, and the order is then, in effect, one setting aside the verdict unconditionally, and as such it must be considered here.

The order should, we think, be modified, imposing the costs of the trial upon the defendant. The error in this case is the error of the jury, and under such circumstances this court is committed to the practice of requiring the party asking the favor to pay the costs of the

trial as a condition of making the grant. The order should be modified as in the case of Helgers v. Staten Island Midland R. Co., 69 App. Div. 570, 75 N. Y. Supp. 34, and, as so modified, affirmed.

Order modified by imposing the costs of the trial upon the defendant, and, as modified, affirmed, without costs. All concur.