## MURPHY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. May 5, 1904.)

1. TRIAL—VERDICT—VACATION—GROUNDS—SPECIFICATION.
    Under the express terms of General Rule of Practice No. 31, an order of the court setting aside a verdict on a motion based on the grounds set forth in Code Civ. Proc. § 999, should specify the grounds on which the motion was made and the ground or grounds on which it was granted.

2. SAME—COSTS.
    Where a verdict is set aside on the ground that it is contrary to the weight of evidence, it must be conditioned on the payment of costs of the trial, and disbursements.

Appeal from City Court of New York, Trial Term.

Action by Lawrence Murphy against the Interurban Street Railway Company. From an order of the New York City Court setting aside a verdict in favor of plaintiff, he appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Edward Hymes and Michael Schaap, for appellant.

Bayard H. Ames and F. Angelo Gaynor, for respondent.

GREENBAUM, J. That the order setting aside the verdict from which this appeal is taken was granted upon the ground that the verdict was against the weight of evidence is manifest from the conditions therein imposed requiring defendant to pay costs of motion, and from the fact that the case on appeal shows that the motion was made upon the rendition of the verdict upon the grounds set forth in section 999 of the Code of Civil Procedure. The proper practice requires that the order "shall specify the grounds upon which the motion is made and the ground or grounds upon which it was granted." Rule 31 of the General Rules of Practice. A reading of the testimony convinces me that the discretion vested in the trial justice was not abused in setting aside the verdict upon the ground that it was contrary to the weight of evidence.

It is, however, well settled that when a verdict is thus set aside, it must be conditioned upon the payment of costs of trial and disbursements. Helgers v. Staten Island Midland R. R. Co., 69 App. Div. 570, 75 N. Y. Supp. 34.

The order will therefore be modified by requiring the defendant to pay costs of trial and disbursements to date, together with the costs of this appeal, and, in default of such payment, the order will be reversed and judgment directed upon the verdict, with costs and the costs of this appeal. All concur.