BOLLES v. HECKMAN.

(Supreme Court, Appellate Term.   November 12, 1909.)

NEW TRIAL (§ 161*)—SETTING ASIDE VERDICT—TERMS.
    Where the jury found on sufficient testimony in plaintiff's favor on the
    main issues, and erred, through no fault of plaintiff, only in the amount
    allowed for damages, terms should have been imposed as a condition for
    setting aside the verdict on the ground that the amount of the damages
    clearly indicated a compromise and was unsupported by the evidence.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec.
    Dig. § 161.*]

Appeal from City Court of New York, Trial Term.

Action by Lillie H. Bolles against Charles Heckman.   From an
order setting aside the verdict and granting a new trial, plaintiff ap-
peals.   Modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

Cass & Gibson (Burton W. Gibson, of counsel), for appellant.
Ormiston & McCormack (T. S. Ormiston, of counsel), for respond-
ent.

PER CURIAM.   While the court below seems to have been war-
ranted in setting aside the verdict in favor of the plaintiff on the
ground that the amount of the damages clearly indicated a compromise
and was unsupported by the evidence, still, inasmuch as the jury found
upon sufficient testimony in favor of the plaintiff on the main issues
in suit, and erred, through no fault of plaintiff, only in the amount
allowed for damages, terms should have been imposed as a condition
for setting aside the verdict.   Murphy v. Interurban St. Ry. Co. (Sup.)
88 N. Y. Supp. 187.

It seems to us that the order should be modified, by imposing as a
condition for the granting of the same the payment of a sum equal
to costs before and after notice of trial, one term fee, and a trial fee,
and, as so modified the order is affirmed, without costs to either party
of this appeal.