DEMBITZ v. ORANGE COUNTY TRACTION CO.

(Supreme Court, Appellate Division, Second Department.    December 28, 1911.)

1. NEW TRIAL (§ 161*)—CONDITIONS OF GRANTING OR REFUSING—EXTENDING TIME FOR A STIPULATION. .

Code Civ. Proc. § 783, providing that, after expiration of the time within which a pleading must be made, or any other proceeding in an action, after its commencement, must be taken, the court may in its discretion relieve the party from the consequences of the omission to do the act, and allow it to be done, has no application where the court, having exercised its discretion, under section 999, to entertain a motion on its minutes, to set aside the verdict and grant a new trial for excessive damages, makes an order granting the motion, unless plaintiff, within 20 days, stipulated to a certain reduction of the verdict; and so does not authorize extension of the time for such stipulation, where plaintiff has not made it in the prescribed time, but has appealed from the order.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 161.*]

2. NEW TRIAL (§ 161*)—CONDITIONS FOR GRANTING OR REFUSING —REDUCTION OF VERDICT—EXTENDING TIME FOR STIPULATION.

Where an order is made setting aside a verdict, and granting a new trial, unless plaintiff, within 20 days, stipulated to a certain reduction of the verdict, and he does not so stipulate, but, without obtaining a stay of such order, appeals therefrom, he either waives his right to so stipulate, and prevent a new trial, or elects to decline the condition; so that he cannot, after affirmance of such order, be restored to the right by an order extending his time for stipulation; and this, though, after expiration of plaintiff's time for stipulation, defendant also appealed from the order.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 161.*]

Appeal from Special Term, Orange County.

Action by Irving Dembitz, an infant, by Leopold Dembitz, his guardian ad litem, against the Orange County Traction Company. From an order denying his motion to extend his time within which to stipulate for a reduction of a verdict, plaintiff appeals. Affirmed.

See, also, 132 N. Y. Supp. 593.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Thomas J. O'Neill, for appellant.

George E. Miner (William F. Cassedy, on the brief), for respondent.

WOODWARD, J.   The plaintiff on the trial of the above-entitled action had a verdict for $15,000 damages for the loss of a leg caused by the defendant's negligence.   On defendant's motion the learned trial court made an order providing that the verdict should be set aside and a new trial granted, unless the plaintiff, within 20 days after the service of the order, stipulated to reduce the verdict to $9,000.   The plaintiff did not make the stipulation, but appealed from the order.   The defendant likewise appealed.   This court affirmed the order on both appeals without opinion, thus holding that the order was properly made reducing the verdict or granting the defendant's motion to set aside the verdict.   Thereupon the plaintiff moved

this court, at Special Term, for an order extending the time within which the plaintiff might stipulate to reduce the verdict, and from the order denying this motion the plaintiff appeals to this court, urging that, under the provisions of section 783 of the Code of Civil Procedure, it was the duty of the court to grant this motion.

[1, 2] We are of the opinion that section 783 of the Code of Civil Procedure does not apply to a state of facts such as is now before this court. An order setting aside the verdict and granting a new trial is authorized by section 999 of the Code of Civil Procedure. This is not a mere discretion vested in the court. The discretion is given to the court to "entertain a motion, made upon his minutes, at the same term, to set aside the verdict or a direction dismissing the complaint and grant a new trial upon exceptions; or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law." This is merely a short way of reaching the question of the right to a new trial, and the discretion relates to the power of the "judge, presiding at a trial by a jury," to entertain the motion. If he does entertain the motion, his determination upon the questions presented is not one of discretion, but of law, and this determination may be reviewed by this court the same as any other question affecting the substantial rights of the party. Having the power to set aside a verdict for excessive damages, it has long been the practice for the court to indicate a sum which the judge presiding at the trial believes to be adequate damages as established by the evidence, and to give the plaintiff the option of accepting the verdict, modified by a reduction to a given sum, or to submit to the entry of the order granting the motion to set aside the verdict and for a new trial, with the right, of course, to appeal from such order. L'Amoureux v. Erie Railroad Co., 62 App. Div. 505, 71 N. Y. Supp. 70. This option to accept a smaller sum than that fixed by the jury is in the nature of a favor to the plaintiff. Lawrence v. Wilson, 86 App. Div. 472, 474, 83 N. Y. Supp. 821. He is put to an election, which in a legal sense is the choice of one of two rights or things, to each one of which the party choosing has an equal right, but both of which he cannot have. Bouvier's Law Dic.; L'Amoureux v. Erie R. R. Co., supra; Lawrence v. Wilson, supra. In the latter case, where the plaintiff was given such an option, this court say:

"The latter is a favor extended to the plaintiff, and affords no ground for complaint. The only question to be determined in respect to such an order is whether the discretionary power has been so far abused as to warrant the conclusion that injustice may result if a new trial is had. If not, then any concessions which the order may make to the plaintiff can give the latter no rights upon appeal. He refuses to accept the terms suggested in making the appeal, and the order is then in effect one setting aside the verdict unconditionally, and as such it must be considered here."

In the case at bar the order setting aside the verdict of the jury, and granting a new trial, has been affirmed, and whether we view the question from the standpoint of a waiver of a material right, or as an election to decline the condition imposed by the court, the rule of law is the same. A right once waived, with full knowledge of

the facts, cannot be reasserted. Mayor of New York v. M. R. Co., 143 N. Y. 1, 26, 37 N. E. 494, and authorities there cited. A like rule prevails in matters of election. Conrow v. Little, 115 N. Y. 387, 394, 22 N. E. 346, 5 L. R. A. 693; Terry v. Munger, 121 N. Y. 161, 165, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803.

While it is true, of course, that the plaintiff does not technically ask for this favor, yet it is extended to him by the court in a case where the court is authorized to set aside the verdict as a whole, and we think it is within the rule laid down in Brownell v. Ruckman, 85 N. Y. 648, and authority there cited:

"That one who asks an order which the court may, in its discretion, grant or refuse, must, if he obtains it, submit to the conditions which the court impose. He need not accept it, and he then stands as if the favor was denied."

The plaintiff, under the ruling of the trial court, had an absolute right to have defendant's motion denied during a period of 20 days. When he neglected to act upon that right during the time fixed, the right of the defendant to enter the order granting the motion for a new trial became fixed. Certainly so when the plaintiff elected to refuse the benefits of the order and to appeal from its provisions cutting down the verdict. The decision of that appeal was conclusive upon the propriety of the order granting a new trial, and a new trial having been ordered, upon the plaintiff's election to permit such new trial rather than submit to a reduction of the verdict, this court is powerless to relieve from the consequences of that election. The plaintiff certainly could not be permitted to accept the benefits of an order, and then appeal from such order. Weichsel v. Spear, 47 N. Y. Super. Ct. 223, affirmed without opinion, 90 N. Y. 651. And, if this could not be done in the first instance, it clearly cannot be done in effect after the plaintiff has taken the chances of retaining the verdict by appealing.

This conclusion might, upon a casual reading, appear to be out of harmony with Cullen v. Uptegrove & Bro., 101 App. Div. 147, 91 N. Y. Supp. 511, but we are of the opinion that it is clearly distinguishable. In that case the court had granted defendant's motion to set aside the verdict and for a new trial, unless the plaintiff should stipulate within 20 days to accept a reduction. Plaintiff made an application at Special Term for an order staying all proceedings therein "save to appeal from said order," and directing "that the time within which the plaintiff may stipulate to reduce said verdict be and the same is hereby extended to and including twenty days from and after the hearing and determination of the appeal from said order," and it was from this order staying proceedings and extending the time in which the plaintiff might enter the stipulation that the appeal was taken. In that case the order extending the time was applied for at a time when the plaintiff still had the right to make the stipulation. If the court had refused to grant the order of extension, the plaintiff might have availed himself of the option to make the stipulation before the expiration of the time, while, if the order had been reversed on appeal, the plaintiff's time would have expired and the de-

fendant might have entered an order setting aside the verdict, even though its appeal, which had been taken from the order denying its motion conditionally, had been unsuccessful. The defendant in that case had by its appeal refused to accept the advantage of the conditional order. It asserted the right, by its appeal, to have an unconditional order setting aside the verdict and granting a new trial. The defendant thus waived its right to any advantage from the order, and this court very properly refused to reverse an order staying the proceeding, when to do so would operate to deprive the plaintiff of the right to accept the conditions of the order, where he had proceeded regularly in his application for a stay of proceedings. In disposing of the question this court said:

"It will work no hardship to the defendants if the plaintiff retains his right to stipulate for a reduction until after the determination of the cross-appeals, while the defendants' contention that they may properly accept the obvious benefit of that part of the order which requires the plaintiff to stipulate, and at the same time prosecute an appeal from the remainder of the order, suggests an anomaly which is made more striking by their argument against the plaintiff's rights in the matter. We think the order was granted by the Special Term in the proper exercise of its discretion, and should not be disturbed."

This was obviously a case depending upon its own peculiar circumstances, and cannot be regarded as an authority for the proposition that after a party has deliberately made an election, and has permitted his time to expire without taking action, he can, after the appeals have been determined, be restored to the rights which he has waived.

The order here appealed from merely refused to extend a privilege which had once been waived; and, while it might be said that the defendant refused to abide by the order by appealing from the same, it appears that the time had expired before the defendant's appeal was taken. The defendant already had the right to enter an order setting aside the verdict, and the fact that it may have appealed from the order where no appeal was necessary does not operate to give the plaintiff any new rights.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.