CHARLES L. POWELL, Respondent, *v.* C. P. HUGO SCHOELLKOPF, Appellant.

Fourth Department, May 4, 1921.

**Pleadings — extension of time to serve answer — defendant does not have absolute right — court will not grant extension where purpose is for delay — court may modify order and impose conditions — conditions may be imposed on opening default.**

The provisions of the Code of Civil Procedure, sections 542 and 781, and of the General Rules of Practice, rule 24, granting extra time to a defendant in which to plead do not confer absolute rights upon him. Those rights are granted as a favor to prevent an injustice being done, and extra time will be granted only upon good cause shown.

The court will not lend its authority to aid the defendant in his manifest purpose of delaying the trial of the action beyond the term when it could

have been tried, but he should be given an opportunity to defend and a fair day in court, and being in default and in court asking favors, it is proper to impose as a condition of opening the default and permitting him to answer that he will not seek further to delay the plaintiff in his remedy.

The justice who granted the order extending the defendant's time to answer had the power to modify it and in the exercise of his discretion had the right to annex thereto the condition that the defendant should not, by obtaining extensions of time or otherwise, impede plaintiff's right to have the action tried at the next Trial Term and that the attorney for the defendant should accept service of notice of trial for that term.

In opening defendant's default, in answering, it was proper to impose such reasonable conditions in the interest of justice as the court deemed right.

APPEAL by the defendant, C. P. Hugo Schoellkopf, from an order of the Supreme Court, made at the Ontario Special Term and entered in the office of the clerk of the county of Ontario on the 22d day of April, 1921, modifying an order granted on the 24th day of March, 1921, so that the defendant should have fifteen days to answer, upon certain terms and conditions; also from an order made at the Erie Special Term and entered in said clerk's office on the same day modifying the last-mentioned order on certain terms and conditions, and also from an order made at the Monroe Special Term and entered in said clerk's office on the 19th day of April, 1921, denying defendant's motion for a modification of said last-mentioned order.

*Shire & Jellinek* [*Simon Fleischmann* and *B. Frank Dake* of counsel], for the appellant.

*William W. Armstrong,* for the respondent.

DAVIS, J.:

On March 4, 1921, the plaintiff brought this action, laying the venue in Ontario county, where he resided. The complaint set forth a cause of action for fraud and deceit and for unlawful and oppressive acts of the defendant as majority stockholder of a corporation.

In brief, the claim of the plaintiff is that he, with two associates, were the stockholders in a large corporation, of which he was president, the defendant holding a minority of the stock; that the other stockholder desired to retire, and that the defendant, aided by his attorney, conducted certain

negotiations whereby the defendant obtained control of the corporation, and deprived the plaintiff of the use and income of his property, and ousted him from his position of president, with the consequent loss of salary, and will eventually obtain title to the plaintiff's stock, all to his great damage.

The defendant, who resides in Buffalo, instead of pleading within twenty days, upon an affidavit made by his attorney in the usual form, but incorrectly stating that the next term of court in Ontario county would be held June 6, 1921, obtained from a justice of the eighth district on the last day an order *ex parte* extending his time to answer for twenty days, and served the order with a notice of appearance on the plaintiff's attorney.

The plaintiff's attorney, believing that the order was obtained for the purpose of delay, went before the same justice and applied *ex parte* for an order modifying the previous order, showing that the extension granted would very likely result in the cause passing the term of court appointed to be held in Ontario county on May second, with the result that the justice modified the order giving the defendant fifteen days' additional time to answer, but not to demur or otherwise plead, and upon condition that the defendant should not, by obtaining further extensions of time, or by amendment of such answer, or otherwise, impede plaintiff's right to have such action tried at the next Trial Term in Ontario county, appointed to be held May second, nor in any manner prevent such trial.

On April seventh the defendant's attorney, being perilously near the end of the time granted by the last order, and having failed to have his answer prepared, obtained a show-cause order asking for additional time, and on a hearing before the same justice obtained, on April eleventh, a further modification of the order, which provided that he should have six days' additional time, so he might answer on April fourteenth, with the same conditions imposed, and further that the attorney should accept service of a notice of trial for the May Trial Term.

The plaintiff noticed the case for trial and placed it on the calendar of the Ontario Trial Term. The defendant on April fourteenth (again his last day to answer) obtained an order to show cause returnable before a Special Term in the seventh

district, whereby he sought to have vacated or modified the previous orders made, and opening his default and further extending his time to plead. His motion was denied on April fifteenth, but he was relieved of his default in not answering on April fourteenth, upon condition that he serve his answer on or before April twentieth.

This, stated as briefly as possible, completes the story of the attempts of the defendant to delay his pleading, except that he has failed to serve an answer and applied *ex parte* on April eighteenth, just before the time to answer again expired, to an associate justice of this court, and obtained a stay pending the argument of this appeal. From the three orders above enumerated the defendant appeals, claiming he has been deprived of his legal rights to demur; that he has not had time to prepare his answer, because of the absence of the defendant and the many and important engagements of his counsel.

On the other hand, it is claimed on the part of the plaintiff that he has been rendered destitute by the machinations of the defendant and those acting for him; that the cause of action is simple, and an answer putting in issue the allegations of the complaint could be readily drawn; and that the conventional excuse of an absent client is not very persuasive here because the attorney for the defendant was present and advising at all the interviews between the parties on the occasions involved in the cause of action, and had personal knowledge of all the transactions between the parties, and participated with defendant in the division of plaintiff's property obtained by the fraud and deceit alleged, and shortly after became a director of the corporation. The plaintiff's counsel asserts in an affidavit, and it is not denied, that as early as February last he went over the facts in this litigation with the defendant's attorney, who was fully aware of all the facts at that time, when an effort to reach some settlement was being made.

Probably no provisions of our present Code have been oftener resorted to by those who wish to obtain the benefit of the law's delays and thereby vex, oppress and discourage honest suitors, than the provisions permitting amendments as of course and extensions of time by order. The latter have

too often been improvidently granted. These remedies were wisely provided, so that those who in exceptional cases, in good faith, were unable to prepare their pleadings within the twenty days allowed by statute (Code Civ. Proc. § 520), might be afforded relief in emergencies. Where there is good faith and comity between attorneys, stipulations extending time are granted for the asking, if there be a willingness on the other side to reach a speedy trial of the issues in difference between the parties.

These provisions granting extra time do not confer absolute rights on a delinquent party. They are granted as a favor, to prevent an injustice being done, upon good cause shown. (Code Civ. Proc. §§ 542, 781 *et seq.;* General Rules of Practice, rule 24.) They imply absolute good faith on those who seek their beneficial relief and a willingness to aid the other party in obtaining his rights.

In all cases where the parties are seeking it, it is the duty of the courts to afford an opportunity for a speedy adjudication of the differences between them,— as speedy as is possible, considering other causes also pressing, and the right of a party to become prepared for trial, and to have his fair day in court. Particularly is this true in cases where the party seeking relief is aged, infirm or destitute, and obtaining relief in his lifetime is imperative. The criticism of both the thoughtless and the thoughful is more directed to the delays afforded by our judicial system than to any or all other imperfections. Time must always be an element in reaching just decisions, but the courts should not encourage any dilatory practices on the part of litigants and their attorneys.

It was not at all necessary that the defendant be present, if the attorney wished to demur to the complaint. A demurrer is a simple pleading, readily prepared. It required no statements of the facts, and the client could give no advice on the law, when deciding whether or not the complaint was demurrable. In fact, when making his first application for an extension of time, the attorney said nothing about demurring. He merely said he had been unable, owing to his own engagements and the absence of his client on account of his health, to prepare and serve an answer, and that from conversations with the defendant with reference to the facts of the case,

he believed the defendant had a good and substantial defense on the merits. It is evident that the desire to demur, if any ever existed, is entirely an afterthought, and the much talk we have heard on the subject of this valuable right being lost, is for effect.

There must have been some time within the first twenty days, or within twenty-six additional days granted by the several orders, when an answer could have been prepared in consultation with the client, if consultation was needed. It seems that there had been a consultation before the attorney applied for the first order, and the defendant was in Erie county and made an affidavit on April thirteenth, but, if the defendant was absent, the attorney, being familiar with the facts, could have prepared the answer and sent it to the defendant for verification, and he would need to be far distant not to receive it and return it in ample season.

As for the manifold engagements of counsel, perhaps all that it is necessary to say is that, if but a small fraction of the time expended in making and arguing the numerous motions and preparing this appeal had been utilized in preparing an answer, the defendant would not now be in the position he finds himself. If that position is embarrassing to the defendant, he may place the blame on the dilatory tactics employed in his behalf, which a simple recital of the facts portrays.

It is too obvious that the main purpose of all concerned on the part of the defendant has been to devise some method, protected by our rules of practice, of getting this case continued beyond the Ontario May term. We cannot lend the authority of the court to such manifest purposes of delay. The defendant is now in default, the stay of proceedings not extending his time (*McGown* v. *Leavenworth*, 2 E. D. Smith, 24, 31; Nichols Practice, 938), and is in court seeking favors. He should be given an opportunity to defend and a fair day in court, but on condition that he will not seek to delay the plaintiff in his remedy.

The justice who granted the order had power to modify it, and in the exercise of reasonable discretion had the right to annex conditions to the favor sought by the defendant, so long as he did not prohibit any legal defense. (*Parmenter* v.

*Roth,* 9 Abb. Pr. [N. S.] 385.) The defendant could have rejected the order and answered immediately; instead he elected to take the extension of time, but has sought to reject the conditions. By failing to serve his answer, he has taken the benefit of the orders, and cannot now be heard to complain of the conditions imposed upon him. I find no abuse of discretion on the part of the justice in making the orders appealed from; rather I think the course adopted was one which would prevent unnecessary delay and promote the ends of justice.

While actions cannot be tried until they are at issue, in opening a default the courts may impose such reasonable conditions in the interests of justice as they deem fit. One who asks an order, which a court may in its discretion grant or refuse, must, if he obtains it, submit to the conditions which the court imposes. (*Brownell* v. *Ruckman,* 85 N. Y. 648; *Dembitz* v. *Orange County Traction Co., No. 2,* 147 App. Div. 588; *Matter of Prentice,* 155 id. 480.)

The defendant should have three days after service of a copy of the order of this court in which to prepare and serve his answer, on condition that he submit himself to the jurisdiction of the Ontario May Trial Term, without question on the time of pleading or the date of issue, failing which he may be regarded as in default in pleading. The Trial Term will have authority to hear the defendant's application for time for preparation and to fix the day of trial in its discretion.

The orders appealed from are affirmed, with ten dollars costs on each order, and printing disbursements, and with leave to defendant to answer within three days under the condition stated in the opinion.

All concur; LAMBERT, J., not sitting.

Orders affirmed, with ten dollars costs on each order and printing disbursements, with leave to the defendant to answer within three days after service of a copy of this order with notice of entry, upon condition that he submit himself to the jurisdiction of the Ontario May Trial Term, without question on the time of pleading or date of issue, failing which he may be regarded as in default in pleading.