In the Matter of the Probate of the Will of· JENNIE P. VAN DE WALKER, Deceased.

DORA VAN DE WALKER, Appellant; NELLIE M. FARR and Others, Respondents.

Fourth Department, November 21, 1923.

**Depositions — commission to take testimony of witness without State — application made on day case was on day calendar should have been denied.**

Ordinarily an order granting a commission to take the testimony of a witness without the jurisdiction rests in the sound discretion of the court, but in this case the application should have been denied and the court should not have continued the cause, since it appears that the motion was not made until the day the case was properly on the day calendar for trial, that no substantial grounds for taking the deposition were shown, and that the application was made for the purpose of preventing the immediate trial of the case.

APPEAL by Dora Van De Walker from an order of the Supreme Court, made at the Jefferson Trial and Special Term and entered in the office of the clerk of the county of Jefferson on the 18th day of October, 1923, directing that the trial of the issues arising upon a contested probate of the will of the deceased be put over the term, and that a commission issue to take the testimony of a witness for the contestants without the State.

*Pitcher & O'Brien* [*F. B. Pitcher* of counsel], for the appellant.

*Conboy & Hendricks* [*Thomas Burns* and *John Conboy* of counsel], for the respondents.

PER CURIAM:

Ordinarily an order granting a commission to take the testimony of a witness without the jurisdiction rests in the sound discretion of the court at Special Term. In this case the order sending the issues arising under the contested probate to the Supreme Court for jury trial was made June 11, 1923. The cause was on the

calendar of the Jefferson county Trial Term commencing October first. On that day it was properly on the day calendar for trial. It was then that the contestants moved to take the deposition of an alleged material witness in the State of Washington.

The moving affidavit makes no satisfactory explanation why this application was not made at an earlier Special Term, nor does it in fact show substantial grounds for taking the deposition at all. We might, under ordinary circumstances, apply a liberal rule in such case; but here the indications that the application was made for an ulterior purpose, to wit, to prevent the trial of the case at that term, are very strong. Courts should not lend their authority to aid parties in a manifest purpose of delaying the trial of an action beyond the term where it may be tried. (*Powell* v. *Schoellkopf,* 197 App. Div. 471.)

The order in so far as it continued the cause and provided for the issuance of a commission should be reversed, with ten dollars costs and disbursements, without prejudice to contestants' right to make a new application at Special Term, with due diligence; but the contestants should not be relieved from the conditions stated in the order requiring them to be ready for trial at the next Trial Term.

All concur.

The order, in so far as it continued the cause and provided for the issuance of a commission is reversed, with ten dollars costs and disbursements, and motion denied, without prejudice to contestants' right to make a new application at Special Term with due diligence.