JOHN MILLER, JR., Respondent, *v.* JAMES LUCEY, Appellant.

Third Department, May 16, 1928.

Appeal — questions reviewable — plaintiff recovered verdict for personal injuries — court granted motion to set aside verdict unless plaintiff stipulated for reduction — plaintiff filed stipulation but defendant appealed — Appellate Division may, under Civil Practice Act, § 584-a, restore verdict to full amount although plaintiff did not appeal.

The Appellate Division may, under section 584-a of the Civil Practice Act, restore a verdict in a personal injury action to the full amount allowed by the jury

although the plaintiff has not appealed, where the defendant has appealed from a judgment entered on a stipulation reducing the amount of damages following an order setting aside the verdict unless the plaintiff stipulate to reduce the damages.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 27th day of October, 1927, and also from an order entered in said clerk's office on the 25th day of October, 1927.

*Frank J. O' Neill [P. C. Dugan* of counsel], for the appellant.

*Carter & Conboy,* for the respondent.

HASBROUCK, J.   The defendant owned and leased Nos. 231 and 233 River street, Troy, N. Y., in 1926, as a garage to the firm of DeSapio & Breen.   There was an elevator in the building.   It needed repair and the defendant Lucey engaged the Irwin Elevator Company to do the work.   That company on September twenty-third sent plaintiff to the property to make the repairs.

When plaintiff arrived he swears he met the defendant and that they together with Mr. Irwin and the helper went into the basement of the building to examine the elevator.

The basement was divided into two parts by a wall with an opening through it.   The wall ran from the rear to the front of the building.   Plaintiff and his helper, Clapp, swear defendant Lucey said in substance to use anything they saw to help get the work done.   In answer to the following question: " Anything you saw where? " plaintiff responded, " laying around there, any lumber we needed, or any blocking or anything that we saw."

During the progress of the work a board or timber was needed to hold up the shaft of the elevator which at one end was fastened to the ceiling; the other end needed support during the dissembling of the machinery.

The plaintiff walked to the front of the building in search of a board and found one and when endeavoring to get it, stepped on a rotten board covering an ash pit and fell into it up to his crotch and injured his arm and shoulder seriously.

The pivotal question in the case seems to have been whether defendant Lucey authorized the search for the timber to support the shaft.   On that subject the trial judge charged: " However, unless you find that Lucey gave that instruction, then he didn't have any business where he was when he fell in that hole.   *   *   * He wasn't authorized when he was working over in that elevator well on the west end of that building, on the other side, to go off in the east end, unless he was authorized by Lucey to get material that he needed."

The jury has found that he was so authorized and rendered a verdict in his favor in the sum of $8,000.

On the motion of defendant's counsel to set aside the verdict as excessive the court ordered it set aside unless the plaintiff stipulated that it be reduced to $6,000. Such stipulation the plaintiff filed. Notwithstanding the reduction the defendant has appealed. The plaintiff has not appealed. On the appeal the plaintiff, however, has asked that the verdict as reduced by the court be modified by increasing it to the amount originally found by the jury.

Plaintiff bases his right to ask such relief on the terms of section 584-a of the Civil Practice Act (as added by Laws of 1926, chap. 385). It provides: " When the appeal is by the defendant from a judgment entered, after trial by jury, for a less amount than the verdict, such amount having been so fixed by the trial court on defendant's motion to set aside the verdict as excessive, the question as to whether or not the original verdict was excessive shall be deemed to be before the appellate court for review and determination, and the Appellate Division or Appellate Term to which the appeal is taken, if it does not reverse the judgment, may modify it by increasing the amount thereof to not exceeding the amount of the verdict."

The law, without any request or motion upon the part of the plaintiff, confers on the Appellate Division the right to modify a verdict " fixed by the trial court " on a motion to set it aside as excessive.

Before the adoption of section 584-a the court had the power on the plaintiff's appeal to restore the verdict where it had been set aside or reduced.

But where the court, as a condition of allowing the verdict on such a motion to stand at all, required the plaintiff to stipulate to accept a less amount the plaintiff was compelled to forego the right of appeal so far as the amount of the verdict was concerned.

It, therefore, seems that the remedy sought to be accomplished by the law is relief to plaintiffs who having succeeded at a trial will lose the advantage thereof unless they conform to the court's fixing of damages.

The argument against such an interpretation of the statute seems not well founded. It is based upon the language of the Court of Appeals in *Lawrence* v. *Church* (128 N. Y. 324), quoted by Mr. Justice WOODWARD, formerly of this Department, sitting in the Second Department, in *Lawrence* v. *Wilson* (86 App. Div. 474). " If the General Term did not desire to grant a new trial unconditionally, the alternative should have been a modification of the judgment by the deduction of the amount regarded as erroneous,

without any privilege of again suing for the same. Such a modification, when assented to by the plaintiffs and resulting in the affirmance of the judgment as modified would, upon the facts in this case, have operated as an abandonment by plaintiffs of the amount deducted."

It may be argued in the case at bar that by filing the stipulation required by the trial justice consenting to reduce the verdict from $8,000 to $6,000 the plaintiff abandoned " the amount deducted." There is no doubt that in the case at bar such would have been the effect of the plaintiff's stipulation, if the law had not been changed.

We think one purpose of section 584-a was to relieve a plaintiff from the result of an abandonment of part of the verdict of a jury. In result there is no difference between an abandonment which arises from a neglect to appeal and from an abandonment induced by the subtle compulsion of an order setting aside a verdict unless the plaintiff stipulates to reduce the same. The statute grants the relieving power to the appellate court with the initiative in its hands alone. No request, no motion, is required of the plaintiff. The defendant has notice that if he appeals after a verdict has been reduced it may be increased to the amount found by the jury. So the act operates to relieve a plaintiff unjustly shorn of part of his verdict and as a deterrent to appeals on the part of defendants.

The conclusion asserted herein seems within the very letter of the statute, " such amount having been so fixed by the trial court on defendant's motion to set aside the verdict as excessive." Who fixed in the case at bar the verdict in the amount of $6,000? Not the jury. It had found another sum. Not the plaintiff. He was satisfied with the verdict. It is plain the court did the fixing.

The office left to the plaintiff was not to fix any other amount. All he was allowed to do was to say whether he would stipulate for the reduction.

The plaintiff was given no leave to suggest what the amount of the verdict should be. He was limited to acquiescence or defeat. The amount was fixed for it could not be changed. It stood as fixed or ceased to exist.

The order of the court is: " That said motion be and the same hereby is granted unless the plaintiff files a stipulation on or before November 1st, 1927, consenting to reduce the amount of said verdict to $6,000."

The determination or fixing of the amount was wholly that of the court. (*Hogan* v. *Franken,* 221 App. Div. 164, 166; *Wolff* v. *Moses,* 26 Misc. 500.)

It was the view of the trial court that " even if you file a stipulation you have a right to raise that question in the Appellate Division." He recognized that he had fixed the amount.

But the statute makes no discrimination between a verdict fixed by the court without the consent of the plaintiff and one fixed by the trial court with the consent of the plaintiff; nor between a verdict which the court has fixed absolutely and one it has fixed conditionally. The fact upon which the amount of such verdicts may be reviewed is that of having been fixed by the court.

It seems to me that this construction has authority for its use in the case of *Matter of Vanderbilt* (172 N. Y. 69, 72) where it was held under an act taxing trust estates that defeasible as well as absolute transfers were immediately taxable.

The Legislature has evidently realized a tendency in trial courts to set aside verdicts as excessive. Courts have undertaken to compel the acceptance of a reduction of a verdict by setting it aside unless the plaintiff accepts the reduced amount. Such action has resulted in the invasion by the courts of the province of the jury. The power to reduce verdicts is undoubtedly lodged in the trial court. It seems to me the legislative effort is to relieve a party plaintiff who has accepted the condition imposed by the court for the purpose of retaining his success at the trial, from the effect of abandoning part of the verdict by clothing the appellate court with the power to increase the same in a sum not in excess of the verdict.

We discover no substantial error in the case requiring the reversal of the judgment. We do not approve the fixing by the trial judge of the verdict at $6,000 in place of $8,000, as found by the jury. The large expenses of the plaintiff in excess of $4,000 growing out of his injuries, when reduced to $6,000, leaves no adequate compensation remaining for his pain and suffering and the loss of wages.

Therefore, under the terms of section 584-a we modify the verdict as fixed by the trial court and increase the amount thereof to that found by the jury.

The order reducing the verdict should be reversed and the judgment modified as above stated, and as so modified affirmed, with costs.

VAN KIRK, P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Order reducing the verdict reversed on the law and facts, and judgment modified by increasing the verdict to that found by the jury, and as so modified judgment affirmed, with costs.